**Davis Wright Tremaine LLP**

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

James Rosenfeld
212-603-6455 tel
212-489-8340 fax

Jamesrosenfeld@dwt.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/19

**MEMO ENDORSED**

November 12, 2019

**By ECF**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

Re: *Patricia Cummings v. The City of New York, et al.*, 19-cv-07723 (CM)

Dear Judge McMahon:

We are counsel for Defendants Daily News L.P. and Ben Chapman in the above-captioned action and write on behalf of all parties.

Per Your Honor's Order Scheduling an Initial Pretrial Conference (ECF No. 71), the parties were ordered to meet and confer and submit a joint case management plan today, November 12. However, given the numerous defendants in this action, the various claims, and the outstanding motions to dismiss and motion for judgment on the pleadings, the parties jointly request that the Court issue an order staying discovery until the Court decides each of the pending motions.

Pursuant to Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion "for good cause." Thus, for example, in *Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006), the district court issued a discovery stay pending multiple motions to dismiss when there were "some sixteen (16) entities or individuals named in the complaint, and the complaint purport[ed] to set forth more than (20) distinct federal and state causes of action." There, the court recognized that "[t]o set a discovery schedule and require all the named defendants, institutional and individual, to participate would . . . be unreasonable and inappropriate." *Id.* Because some of the defendants were municipal entities—as is the case here—the court found that "[c]ompliance with discovery . . . would result in a substantial diversion of public resources which may not be ultimately necessary." *Id.* And, even if the municipal defendants were not ultimately dismissed from the action, the court held that staying discovery would "substantially reduce the economic burden of full party discovery." *Id.*

Handwritten endorsement (Judge McMahon, 11/18/19): "I will stay [discovery] until we hold our initial conference, scheduled for January 17, 2020 at 10:15 (10:15 AM). If no joint plan submitted, we hold the conference. There is no discovery until we have our conference, and I consider all issues, including stay request."

Honorable Colleen McMahon
November 12, 2019
Page 2

The same circumstances are present here, and judicial efficiency warrants a stay. Notably, while the plaintiffs in *Chesney* did not oppose the stay, here, Plaintiff fully consents to the request.

Accordingly, the parties propose that one week after receiving a decision on the outstanding motions to dismiss and motion for judgment on the pleadings, any parties remaining in the action will submit a joint case management plan, enumerating discovery deadlines in accordance with Your Honor's Individual Rules of Practice.

Thank you for the Court's attention to this matter.

Respectfully submitted,

James Rosenfeld

cc: Counsel of Record (via ECF)