UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICIA CUMMINGS,

                                          Plaintiff,      19 CV 7723 (CM)

            - against -

THE CITY OF NEW YORK, *et al.*,

                                          Defendants.
------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT NEW YORK STATE SENATOR KEVIN S. PARKER'S MOTION FOR JUDGMENT ON THE PLEADINGS

LETITIA JAMES
Attorney General
State of New York
<u>Attorney for Defendant Kevin S. Parker</u>
28 Liberty Street
New York, NY 10005
(212) 416-8559

JOHN M. SCHWARTZ
Special Litigation Counsel
   *of Counsel*

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| POINT I | THE COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION | 1 |
| | A. Senator Parker's Statements Were Opinions and Not Defamation | 1 |
| | B. Plaintiff Cannot Plausibly Contend That Senator Parker Acted With Actual Malice or Gross Irresponsibility in Speaking on a Public Issue | 4 |
| POINT II | THE COMPLAINT DOES NOT STATE A PLAUSIBLE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OR NEGLIGENCE | 6 |
| POINT III | PLAINTIFF'S CONTENTION THAT SENATOR PARKER'S MOTION IS PROCEDURALLY DEFECTIVE IS MISGUIDED AND INCORRECT | 8 |
| CONCLUSION | | 9 |

# TABLE OF AUTHORITIES

**CASES**          Page(s)

*Anderson v. City of New York*,
  2014 N.Y. Slip Op. 30080 (U), 2014 WL 176808 (Sup. Ct. N.Y. Cty. Jan. 15,
  2014) ............................................................................................................................. 8

*Biro v. Conde Nast*,
  807 F.3d 541 (2d Cir. 2015) ........................................................................................... 5

*Biro v. Conde Nast*,
  963 F. Supp.2d 255 (S.D.N.Y. 2013), *aff'd* 807 F.3d 541 (2d Cir. 2015) ...................... 5

*Celle v. Filipino Reporter Enterprises Inc.*,
  209 F.3d 163 (2d Cir. 2000) ........................................................................................... 3

*Chapadeau v. Utica Observer-Dispatch*,
  38 N.Y.2d 196 (1975) ..................................................................................................... 4

*Dillon v. City of New York*,
  261 A.D.2d 34 (1st Dep't 1999) ..................................................................................... 7

*Dongguk University v. Yale University*,
  734 F.3d 113 (2d Cir. 2013) ........................................................................................... 4

*Enigma Software Group USA, LLC v. Bleeping Computer LLC*,
  194 F.Supp.3d 263 (S.D.N.Y. 2016) ............................................................................... 3

*Flamm v. American Ass'n of University Women*,
  201 F.3d 144 (2d Cir. 2000) ........................................................................................... 4

*Frascatore v. Blake*,
  344 F. Supp.3d 481 (S.D.N.Y. 2018) ............................................................................. 4

*Gertz v. Robert Welch, Inc.*,
  418 U.S. 323 (1974) ........................................................................................................ 4

*Hayashi v. Ozawa*,
  No. 17 CV 2558, 2019 WL 1409389 (S.D.N.Y. Mar. 28, 2019) ................................ 3, 7

*Idema v. Wagner*,
  120 F. Supp.2d 361 (2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002) ............................ 7

*Immuno AG v. Moor-Jankowski*,
  77 N.Y.2d 235 (1991) ..................................................................................................... 3

*Keech v. 30 East 85th Street Company, LLC*,
  154 A.D.3d 504 (1st Dep't 2017) ................................................................................... 8

*Khan v. Duane Reade,*
    7 A.D.3d 311 (1st Dep't 2004) .................................................................................2

*Levin v. McPhee,*
    119 F.3d 189 (2d Cir. 1997) ....................................................................................3

*Nolan v. State,*
    158 A.D.3d 186 (1st Dep't 2018) .............................................................................7

*Ollman v. Evans,*
    750 F.2d 970 (D.D.C. 1984) ....................................................................................4

*Penn Warranty Corp. v. DiGiovanni,*
    10 Misc.3d 998 (Sup. Ct. N.Y. Cty. 2005) ..............................................................2

*St. Amant v. Thompson,*
    390 U.S. 727 (1968) .................................................................................................5

**CONSTITUTIONS**

New York Constitution .......................................................................................................3

**RULES**

CPLR 3016(a) .....................................................................................................................2

CPLR 2214(c) .....................................................................................................................8

Fed. R. Civ. P. 1 ..................................................................................................................8

Fed. R. Civ. P. 12(b)(6) .......................................................................................................1

Fed. R. Civ. P. 12(c) ........................................................................................................1, 8

Fed. R. Ev. 801, 802, 901 ...................................................................................................6

**MISCELLANEOUS AUTHORITIES**

Encyclopedia Britannica, https://www.britannica.com/print/article/669524 .....................5

L. 2014 ch. 109 ...................................................................................................................8

Defendant New York State Senator Kevin S. Parker ("Senator Parker"), through his attorney, Letitia James, Attorney General of the State of New York, submits this reply memorandum of law in further support of his motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and in response to Plaintiff's Memorandum of Law in Opposition to that motion (ECF No. 91, "Pl. Opp."), in which Plaintiff blatantly ignores the 25-page limit mandated in this Court's Individual Practices and Procedures, ¶ V(E). As provided in that paragraph, Plaintiff's Memorandum should be stricken for that reason alone, but in any event, it fails to defend the adequacy of the Verified Complaint (ECF No. 13, "Complaint") as against Senator Parker, either procedurally or substantively, as demonstrated herein.

## POINT I

## THE COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION

### A. Senator Parker's Statements Were Opinions and Not Defamation

In her discussion of her defamation claim against Senator Parker, Pl. Opp. at 1-11, 12-26, Plaintiff at one point cites D.C. District Court authority to argue that the standard to be applied to Rule 12(c) motions is different from Rule 12(b)(6) motions, *id.* at 13, but elsewhere agrees that in the Second Circuit, the standards for both are the same, *id.* at 12. Her principal argument appears to be that certain statements concerning Plaintiff's lesson on the Middle Passage, first published in the New York Daily News and then "picked up by the media worldwide," *id.* at 1, were erroneous, *id.* at 1, 5, 13, and were not even the claims against her that were eventually investigated by the New York City Department of Education Office of Special Investigations ("OSI"), *id.* at 3-4, 18, 21. These allegedly false statements, Plaintiff argues, should be attributed to Senator Parker. *Id.* at 5-6, 7, 18. But her defamation claim against Senator Parker is not based on such factual statements, but rather on the Senator's <u>reaction</u> to reported facts – i.e., his

1

expression of outrage, his call for Plaintiff's removal, and his expressed view, based on his academic experience, that "culturally competent training and the like" would not be sufficient with respect to Plaintiff. Complaint ¶ 108. CPLR 3016(a) requires that in a libel or slander action, "the particular words complained of shall be set forth in the complaint," and the New York courts have made it clear that only words alleged in the complaint may be considered by the court as the actionable language. *See Khan v. Duane Reade*, 7 A.D.3d 311, 312 (1st Dep't 2004) (defamation cause of action dismissed; plaintiff failed "to allege the precise words allegedly giving rise to the defamation"); *Penn Warranty Corp. v. DiGiovanni*, 10 Misc.3d 998, 1002 (Sup. Ct. N.Y. Cty. 2005) ("in evaluating plaintiff's claim, only the words alleged in the complaint as constituting the libel may be considered by the court as the actionable language").

Plaintiff repeatedly quotes the factual statements she contends are false – i.e., that Plaintiff "singled out black students and made them act like slaves," and told students "to lie on the floor for a lesson on slavery and then stepped on their backs to show them what slavery felt like." *See* Pl. Opp. at 3-4, 5-6, 18, 21, 22, 25, 26, 27. However, this language not only does not appear in Senator Parker's quoted statements, Complaint ¶ 108, Pl. Opp. at 23, but it does not even appear in the Amsterdam News article that contained Senator Parker's statements, Schwartz Decl. Exhibit A (ECF No. 82-1). Rather, the Amsterdam News reporter, after describing the demands of the protesters at City Hall, described the then known facts as follows:

> Last week, while teaching about U.S. slavery during her social studies class at Junior High School 118, Cummings <u>reportedly</u> told three Black students to lie on the floor. When one voiced that she was not comfortable, <u>allegedly</u> Cummings stepped on her back and asked her how did it feel to be a slave.

Schwartz Decl. Exhibit A (ECF No. 82-1) at 2 (emphasis added). Thus, the factual predicate to Senator Parker's expression of opinion was "reported" and "alleged" facts, which were the

2

Amsterdam News' reasonably accurate, although more restrained, restatement of the reportage in the New York Daily News during the prior week. Complaint, Exhibit B (ECF No. 90-4) at 4. Plaintiff contends that Senator Parker "never used" such qualifying language "when making his statements," Pl. Opp. at 21, but it was the Amsterdam News and not Senator Parker that provided the facts to which the Senator was reacting and it <u>did</u> in fact exercise such journalistic caution, Schwartz Decl. Exhibit A (ECF No. 82-1).

Thus, Senator Parker's opinions were reactions to the facts as reported and alleged in the Amsterdam News. Plaintiff vaguely refers, without explanation, to "mixed opinions" in which an opinion implies that it is based on unstated facts – clearly inapplicable to Senator Parker's statements – and then argues that reliance on inaccurate facts can make an opinion defamatory, relying on *Enigma Software Group USA, LLC v. Bleeping Computer LLC*, 194 F.Supp.3d 263, 281 (S.D.N.Y. 2016). Pl. Opp. at 20. As Judge Nathan recently explained, however, the idea of "defamatory opinion" in *Enigma Software*, "drawn from a 1983 Court of Appeals decision, is in tension with subsequent Court of Appeals decisions, which held that 'if a statement of opinion either discloses the facts on which it is based or does not imply the existence of undisclosed facts, the action is not actionable.'" *Hayashi v. Ozawa*, No. 17 CV 2558, 2019 WL 1409389, at *4 (S.D.N.Y. Mar. 28, 2019) (quoting *Levin v. McPhee*, 119 F.3d 189, 197 (2d Cir. 1997); *see also Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 178 (2d Cir. 2000) ("expressions of 'pure' opinion receive absolute constitutional protection under the New York Constitution," citing *Immuno AG v. Moor-Jankowski*, 77 N.Y.2d 235 (1991)). Senator Parker's characterization of Plaintiff's reported actions as "outrageous" and beyond correction by training and his call for her dismissal were hyperbole not verifiable as true or false in the context of either the news article in which they appeared or the broader context of the community protests and media

3

coverage. They were expressions of opinion and the Complaint should be dismissed against him. *Flamm v. American Ass'n of University Women*, 201 F.3d 144, 153 (2d Cir. 2000); *accord Ollman v. Evans*, 750 F.2d 970, 979 (D.D.C. 1984) (relied on, although incorrectly cited, by Plaintiff in Pl. Opp. at 24-25).

### B. Plaintiff Cannot Plausibly Contend That Senator Parker Acted With Actual Malice or Gross Irresponsibility in Speaking on a Public Issue

Plaintiff argues at length that she is not a public figure for defamation purposes, Pl. Opp. at 13-15, ignoring her voluntarily subjecting minority children to a physical and potentially demeaning lesson likely to cause controversy, as discussed in Parker Mem. at 14. Moreover, she makes no response whatsoever to the principles, discussed in Parker Mem. at 15-16, that even when it refers to private individuals, (a) speech related to "matters of political, social, or other concern to the community" or the subject of legitimate news interest can only subject the speaker to liability if made with knowledge or reckless disregard of its falsity, *Dongguk University v. Yale University*, 734 F.3d 113, 129 (2d Cir. 2013), and (b) under the freedom accorded to the states to fashion standards of liability for defamation of private individuals, *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347-49 (1974), in New York a defamation plaintiff can only recover for speech that is arguably within the sphere of legitimate public concern if the speaker "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties," *Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196, 199 (1975); *accord Frascatore v. Blake*, 344 F. Supp.3d 481, 496 (S.D.N.Y. 2018).

Notwithstanding her avoidance of these questions, Plaintiff scatters throughout her Memorandum conclusory arguments that Senator Parker was malicious, reckless and irresponsible. She contends (a) that the Senator failed to investigate the facts before speaking, Pl.

4

Opp. at 6, 8, 19, and (b) that he failed to retract his statements later, *id.* at 9, 15. But "'failure to investigate does not in itself establish bad faith,'" *Biro v. Conde Nast*, 807 F.3d 541, 546 (2d Cir. 2015) (quoting *St. Amant v. Thompson*, 390 U.S. 727, 733 (1968)), nor is a failure to retract "enough to nudge an allegation of actual malice from conceivable to plausible," especially where the source of the facts "has the facial appearance of reliability." *Biro v. Conde Nast*, 963 F. Supp.2d 255, 282 (S.D.N.Y. 2013), *aff'd* 807 F.3d 541 (2d Cir. 2015). The reported facts to which Senator Parker reacted were by no means from "anonymous or unreliable sources" that might have prompted him to question their reliability, *see Biro*, 807 F.3d at 546. On the contrary, the Court can take judicial notice of the position of the Amsterdam News as "one of the most influential and oldest continuously published African American newspapers" that "predominantly treats issues in African American culture, especially events in and issues concerning New York City, from a black perspective." Encyclopedia Britannica, https://www.britannica.com/print/article/669524, downloaded December 31, 2019. The OSI Investigative Report that found inconsistencies in witnesses' recollections, Liotti Decl. Exhibit A (ECF No. 90-1), confirms that it was not issued until July 24, 2018, months after Senator Parker's challenged statements in early February. *Id.* at 1.

Moreover, the OSI Report confirms that the investigation of Plaintiff's January 9, 2018 lesson was about more than "corporal punishment," contrary to Plaintiff's characterizations. Pl. Opp. 3-4, 18, 21-22. The investigation arose from Plaintiff's direction to certain students to "sit on the floor very close together to reenact the conditions on a slave ship." Liotti Decl. Exhibit A at 1. It concluded, *inter alia*, that Plaintiff acted with "poor judgment" and violated Department of Education practice in a lesson that included and encouraged "reenactment of historical events where students take on roles of victimized people." *Id.* at 11. The Report concluded that "given

5

the sensitive nature of the topic she covered, it was particularly important for Ms. Cummings to be cognizant of the potential for her behavior to offend or create discomfort for students and staff members." *Id.* The OSI investigation, as well as the community protests and Senator Parker's outrage, were directed as much at the demeaning aspect of the reenactment of slave conditions as to Plaintiff's knee or foot in a student's back.[1]

Plaintiff concedes that by reason of Senator Parker's work and life experience, he is "inarguably considered a thought-leader in the field of racial justice and diversity in education," Pl. Opp. at 5, although elsewhere she attempts to minimize these qualifications as self-described, *id.* at 6, 8, 9. Plaintiff argues he should be held to a higher standard because of his expertise, *id.* at 6-7, but as an elected representative of his community with substantial relevant experience, it is no surprise that he was called upon to express his opinion on an incident of racial insensitivity. Indeed, to speak out and contribute his opinion was part of his job.

Whether Plaintiff is considered a public or private figure, the media storm and protests she inspired with her social studies lesson demonstrate the intense public interest in and concern about teaching methods she used with minority students. The Complaint contains no plausible allegations about Senator Parker that support either actual malice or gross irresponsibility. The defamation claim against him should, accordingly, be dismissed.

## POINT II

### THE COMPLAINT DOES NOT STATE A PLAUSIBLE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OR NEGLIGENCE

For the same reasons that neither the Complaint nor Plaintiff's opposition contain any plausible allegations supporting her conclusory assertions of actual malice or gross

---

[1] Plaintiff's unsigned October 5, 2018, letter submitted as Liotti Decl. Exhibit B (ECF No. 90-2), of course, is unauthenticated hearsay and may not be considered. Fed. R. Ev. 801, 802, 901.

irresponsibility, *see* Parker Mem. at 17-18 and Point II(C), *supra*, they present no support for her claims of intentional infliction of emotional distress ("IIED") or negligence. She persists in her attempt to attribute to Senator Parker her preferred version of the factual accusations about her that she disputes. Pl. Opp. at 27. But both the Complaint and the Amsterdam News article in which the Senator was quoted make it clear that Senator Parker made no such factual accusations, but rather gave his opinion on the facts as reported in a reputable news source. Complaint ¶ 8; Schwartz Decl. Exhibit A at 1-2. As to him, the truth or falsity of factual allegations he did not make are not the issue; the critical point is that there are no plausible allegations that Senator Parker had any reason to doubt the accuracy of the facts as reported in the Amsterdam News.[2] *Id.* His quoted reactions are far from being conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious, and utterly intolerable in a civilized society," as is required in New York for both intentional and negligent emotional distress claims. *Hayashi*, 2019 WL 1409389 at *7; *Dillon v. City of New York*, 261 A.D.2d 34, 41 (1st Dep't 1999). Rather, Senator Parker's role as an elected public official demanded that he speak out on the available facts surrounding an incident of public concern that caused community and city-wide public protests and media coverage and had not been publicly rebutted. His response to that demand does not give rise to a cause of action separate from Plaintiff's defamation claim which, as demonstrated herein, fails as a matter of law. *Idema v. Wagner*, 120 F. Supp.2d 361, 370 (2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002; *accord Nolan v. State*, 158 A.D.3d 186, 192 (1st Dep't 2018). These claims should be

---

[2] Plaintiff falsely accuses Senator Parker of a distracting "analysis of truth or falsity of the underlying allegations" and a concession as to the "ultimate question." Pl. Opp. at 18. The Senator's motion contains no such analysis or concession. *See* Senator Parker's moving Memorandum of Law (ECF No. 83, "Parker Mem.") at 10-11.

7

dismissed against Senator Parker, as well.

## POINT III

### PLAINTIFF'S CONTENTION THAT SENATOR PARKER'S MOTION IS PROCEDURALLY DEFECTIVE IS MISGUIDED AND INCORRECT

Finally, Plaintiff argues that the instant motion is procedurally defective because a copy of the Verified Complaint (ECF No. 13) was not submitted with the moving papers. Pl. Opp. at 11. She incompletely cites *Anderson v. City of New York*, 2014 N.Y. Slip Op. 30080 (U), 2014 WL 176808, at *2 (Sup. Ct. N.Y. Cty. Jan. 15, 2014), which applied the practice of the New York State courts that required the submission, with a motion that referenced previously filed pleadings or other documents, of the prior documents themselves, an understandable requirement when the justices before whom the motions were made did not have the Clerk's hard copy case file in their possession. Later in 2014, however, the New York Legislature explicitly overrode that practice to adapt to electronic filing:

> Except when the rules of the court provide otherwise, in an e-filed action, a party that files papers in connection with a motion need not include copies of papers that were filed previously electronically with the court, but may make reference to them, giving the docket numbers on the e-filing system.

L. 2014 ch. 109, eff. July 22, 2014; CPLR 2214(c). Under New York law, it is now clear that a moving defendant on a motion to dismiss in an electronically filed case has no obligation to re-file the previously filed pleadings. *Keech v. 30 East 85th Street Company, LLC*, 154 A.D.3d 504, 504 (1st Dep't 2017).

Of course, New York State court procedural practices are not applicable in this case. *See* Fed. R. Civ. P. 1. There has been no rule or general practice in this Court, at least since electronic filing has been required, that requires the re-submission of the pleading in question on a motion to dismiss or a Rule 12(c) motion. The Notice of Motion here identified the Plaintiff's

8

Complaint by ECF Number, but in any event, Plaintiff has now submitted her Complaint, with its exhibits, as Exhibits C and D to the Declaration of Thomas F. Liotti dated December 19, 2019 (ECF No. 90). Plaintiff's assertion of procedural irregularity is unfounded and should be disregarded.

## CONCLUSION

For the reasons set forth herein, and in Senator Parker's moving Memorandum of Law (ECF No. 83), judgment should be entered dismissing the Complaint as against Senator Parker, with prejudice and without costs.

Dated: New York, New York
       January 10, 2020

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant Kevin S. Parker
By:

John M. Schwartz
Special Litigation Counsel
28 Liberty Street
New York, NY 10005
(212) 416-8559

9