**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| PATRICIA CUMMINGS, | : |
| | : |
| *Plaintiff*, | :   Case No. 1:19-cv-07723-CM |
| | : |
| − against − | : |
| | : |
| THE CITY OF NEW YORK; NEW YORK CITY | : |
| DEPARTMENT OF EDUCATION; GIULIA COX; | : |
| COURTNEY WARE; BEN CHAPMAN; NEW YORK | : |
| DAILY NEWS; DR. ANDRE PERRY; THE | : |
| HECHINGER REPORT a/k/a HECHINGER INSTITUTE | : |
| ON EDUCATION AND THE MEDIA; LENARD LARRY | : |
| McKELVEY a/k/a CHARLAMAGNE THA GOD; | : |
| WWPR-FM (105.1 MHZ); iHEARTMEDIA; CLEAR | : |
| CHANNEL COMMUNICATIONS, INC.; NEW YORK | : |
| STATE SENATOR, KEVIN S. PARKER; COALITION | : |
| OF EDUCATIONAL JUSTICE; ANGEL MARTINEZ; | : |
| NATASHA CAPERS; PHILIP SCOTT; ADVISE MEDIA | : |
| NETWORK n/k/a AFRICAN DIASPORA NEWS | : |
| CHANNEL, and "JOHN DOE AND JANE DOE # 1-100" | : |
| said names being fictitious, it being the intent of Plaintiff to | : |
| designate any and all individuals, officers, members, | : |
| agents, servants, and/or employees of the aforementioned | : |
| agencies owing a duty of care to Plaintiff, individually and | : |
| jointly and severally, | : |
| | : |
| *Defendants*. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANT CHARLAMAGNE'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**

**GREENBERG TRAURIG LLP**
54 State Street, 6th Floor
Albany, New York 12207
Tel: (518) 689-1400
grygielm@gtlaw.com
neidlc@gtlaw.com

*Attorneys for Defendant Lenard Larry*
*McKelvey a/k/a Charlamagne tha God*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 2

    POINT I  THE AMENDED COMPLAINT PROVIDES NO BASIS FOR THIS
              COURT TO RECONSIDER ITS CONCLUSION THAT THE
              CHALLENGED STATEMENTS ARE NOT ACTIONABLE AS A
              MATTER OF LAW ........................................................................................ 2

    POINT II  PLAINTIFF'S NEW "FALSE LIGHT" CLAIM IS NOT
              RECOGNIZED UNDER NEW YORK LAW AND MUST BE
              DISMISSED ................................................................................................... 5

CONCLUSION ...................................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................5

*Biro v. Condé Nast*,
    963 F. Supp. 2d 255 (S.D.N.Y. 2013), *aff'd,* 807 F.3d 541 (2d Cir. 2015) ..............................2

*Chau v. Lewis*,
    771 F.3d 118 (2d Cir. 2014) ..............................................................................2

*Fasciana v. Coia*,
    No. 97-cv-0833A, 2000 WL 424200 (W.D.N.Y. Mar. 31, 2000) ............................................3

*Goldberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    1998 WL 321446 (S.D.N.Y. June 18, 1998), *aff'd sub nom. Goldberg v.*
    *Merrill Lynch*, 181 F.3d 82 (2d Cir. 1999) ..................................................................3

*Levin v. McPhee*,
    119 F.3d 189 (2d Cir. 1997) ................................................................................2

*Matthews v. Malkus*,
    377 F. Supp. 2d 350 (S.D.N.Y. 2005) ...................................................................6

*Pedraglio Loli v. Citibank Inc.*,
    1997 WL 778750 (S.D.N.Y. Dec. 18, 1997), *aff'd* 173 F.3d 845, 1999 WL
    187913 (2d Cir. 1999) ......................................................................................6

*Prescatore v. Pan American World Airways, Inc.*,
    97 F.3d 1 (2d Cir. 1996) ....................................................................................3

*Rolon v. Hennenman*,
    517 F.3d 140 (2d Cir. 2008) ................................................................................5

**State Cases**

*Howell v. New York Post Company, Inc.*,
    81 N.Y.2d 115 (1993) ......................................................................................6

*Immuno AG v. Moor-Jankowski*,
    567 N.E.2d 1270 (1991) ....................................................................................4

*Kane v. Orange County Publications*,
    232 A.D.2d 526 (2d Dep't 1996) ..........................................................................6

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................1

**Other Authorities**

2 Robert D. Sack, SACK ON DEFAMATION § 16.2.1 (5th ed. 2018)........................................2

Defendant Lenard Larry McKelvey a/k/a Charlamagne tha God, by and through his attorneys, Greenberg Traurig, LLP, respectfully submits this Memorandum of Law in support of his motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

By Memorandum Decision and Order entered February 24, 2020 ("Decision"), this Court dismissed Plaintiff's defamation claims against Charlamagne on the grounds the statements challenged by Plaintiff, when considered in context, "could only be understood by listeners and readers as impassioned criticism of the conduct reported in media coverage, and as [his] personal ruminations concerning the educational impropriety and racial insensitivity of that conduct . . . [and] therefore do not give rise to a cause of action for defamation."   (Dkt. No. 94, Decision at 41.)  The Court thus held that Plaintiff could not "as a matter of law base a defamation claim" on Charlamagne's statements as "they offer expressions of opinion so subjective as to be insufficient to state a claim for defamation."  (*Id*. at 42.)

Notwithstanding the Court's conclusions, the Amended Complaint asserts claims for defamation, defamation *per se*, libel, libel *per se*, slander, slander *per se*, and false light against Charlamage predicated on the **very same statements** this Court found were nonactionable.  The only additional allegations asserted by Plaintiff with respect to Charlamagne consist of her subjective characterizations of his statements and legal conclusions.   Plaintiff's Amended Complaint is thus the functional equivalent of a motion for reconsideration, yet it provides no basis whatsoever for this Court to reassess Charlamagne's statements or alter the Decision.  Plaintiff's arguments were heard and rejected by the Court, and Plaintiff's improper attempt to seek reconsideration through an amended pleading must be rejected.  The Court's Decision is based on established First Amendment principles and should not be disturbed.  Charlamagne's opinionated

commentary concerning Plaintiff is nonactionable as a matter of law, and the claims against Charlamagne should be dismissed with prejudice.

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT PROVIDES NO BASIS FOR THIS COURT TO RECONSIDER ITS CONCLUSION THAT THE CHALLENGED STATEMENTS ARE NOT ACTIONABLE AS A MATTER OF LAW

The threshold issue of whether a defamatory statement is reasonably susceptible of a defamatory meaning is a question of law for the Court to decide in the first instance. *See Levin v. McPhee*, 119 F.3d 189, 195 (2d Cir. 1997). Similarly, the issue of "whether a statement is an allegation of fact or mere opinion is a legal question for the court." *Chau v. Lewis*, 771 F.3d 118, 128 (2d Cir. 2014). These issues are routinely resolved at the pleading stage, "so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms." *Biro v. Condé Nast*, 963 F. Supp. 2d 255, 264 (S.D.N.Y. 2013), *aff'd,* 807 F.3d 541, 546 (2d Cir. 2015); *see also* 2 Robert D. Sack, SACK ON DEFAMATION § 16.2.1 (5th ed. 2018) ("[U]nlike in most litigation, in a libel suit the central event — the communication about which the suit has been brought — is ordinarily before the judge at the pleading stage, so the judge may assess it upon a motion to dismiss, firsthand and in context.").

Here, the Court carefully considered Charlamagne's statements in the "full context of the communication in which the statement[s] appear[], while also considering the broader social context or setting surrounding the communication." *Chau*, 771 F.3d at 129. The Court had the benefit of Plaintiff's extensive briefing in opposition to Charlamagne's motion to dismiss (Dkt. No. 61), as well as oral argument. The Court properly concluded that Charlamagne's statements do not give rise to a cause of action for defamation "as a matter of law[.]" (Decision at 42.)

The Court's conclusions on these issues are now the law of the case.  Under the law of the case doctrine, a decision on an issue of law made at one stage of the case becomes binding precedent to be followed in subsequent stages of the same litigation.  *See Prescatore v. Pan American World Airways, Inc*., 97 F.3d 1, 7-8 (2d Cir. 1996).  The purpose of this doctrine "is to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."  *Fasciana v. Coia*, No. 97-cv-0833A, 2000 WL 424200, at \*8 (W.D.N.Y. Mar. 31, 2000) (internal quotation marks and citation omitted).  While the law of the case doctrine is discretionary, a court generally will adhere to a prior decision "unless there are cogent or compelling reasons not to such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Goldberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 1998 WL 321446, at \*8 (S.D.N.Y. June 18, 1998), *aff'd sub nom. Goldberg v. Merrill Lynch*, 181 F.3d 82 (2d Cir. 1999).

The Amended Complaint presents no reason, let alone a compelling reason, for the Court to reconsider the Decision.  Indeed, the Amended Complaint challenges the same eight statements that Plaintiff challenged in her initial Complaint.  (*Compare* Compl. ¶ 107 *with* Am. Compl. ¶ 145.)  While the Court granted Plaintiff leave to file an amended complaint, Plaintiff's defamation claims against Charlamagne were dismissed because they fail as matter of law, not because they were insufficiently pled.

No additional allegations can evade the Court's ruling that (1) Charlamagne's statements "offer expressions of opinion so subjective as to be insufficient to state a claim for defamation" (Decision at 42); (2) his "[d]escriptions of Plaintiff as a 'bigot,' 'white devil' and 'cracker-ass-cracker' are not actionable" because they are not "provably false" (*id.*); (3) his statements concerning Plaintiff's "intent and state of mind" are "matters not readily verifiable and intrinsically

unsuitable as a foundation for defamation" (*id.*); (4) his "rant was classic 'pure' opinion' under the law" because "[t]he factual predicate for [his] commentary was contained in a CBS news broadcast that was expressly incorporated as part of the 'Donkey of the Day' segment" (*id.*); (5) his "words can only plausibly be construed as presenting his personal point of view" (*id.* at 44); (6) his "comments were made in the setting of a freewheeling morning radio show dedicated to animated discussion of public controversies" (*id.*); and (6) he "was voicing no more than a highly partisan point of view immunized from a defamation claim" (*id.* (quoting *Immuno AG v. Moor-Jankowski*, 567 N.E.2d 1270, 1281 (1991)).)  While Plaintiff is of course free to disagree with the Court's Decision her remedy was to take an appeal, not to replead claims that the Court found nonactionable as a matter of law.

In an ineffectual attempt to bolster Plaintiff's rejected arguments, the Amended Complaint includes a chart that identifies each of the eight statements at issue and purports to provide an explanation as to why each statement contains defamatory meaning "and/or" is not protected by the opinion privilege.  (Compl. ¶ 145)  In reality, Plaintiff's explanation merely quibbles with the accuracy of immaterial statements like the content of the "NYS 7th grade curriculum," debates the etymology of words like "soul food" and "mayonnaise," and challenges Charlamagne's right to criticize Plaintiff's teaching methods in the absence of an "educational background or degree." (*Id.*)  These new allegations are irrelevant and utter nonsense.  Even if accepted as true, they are an exercise in futility and nonactionable as a matter of law based on the reasoning in the Court's Decision.

The other new allegations in the Amended Complaint concerning Charlamagne's broadcast contradict the Court's Decision and offer nothing more than "labels and conclusions" concerning Charlamagne's statements.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  (*See* Am.

Compl. ¶ 146 (labeling Charlamagne's statements as "inappropriate, racist, derogatory and defamatory"); *id.* ¶ 147 (labeling the statements as "actionable"); *id.* ¶ 148 (claiming an "average listener" would conclude that Charlamagne's broadcast "constitutes defamation, defamation *per se*, slander, slander *per se*, libel, libel *per se*, and false light" and is therefore "actionable"); *id.* ¶ 149 (labeling the statements as "personal in their invective, designed to expose [Plaintiff] to public contempt and ridicule and impugn Plaintiff's character and professional integrity"); *id.* ¶ 150 (alleging that the statements cannot be protected as "opinion" and that readers would understand "a defamatory meaning"); *id.* ¶ 151 (debating the propriety of Charlamagne's proffered examples for teaching students about slavery); *id.* ¶ 152 (reiterating verbatim allegations in ¶¶ 149-150, including the label "actionable"); *id.* ¶ 153 (alleging that Charlamagne did not verify "any information," ignored "plausibility" and that "[i]t should have been obvious" that his statements were false and labeling the statements as "actionable").  As noted in the Decision, the Court need not "accept as true legal conclusions couched as factual allegations."  (Decision at 17 (citing *Rolon v. Hennenman*, 517 F.3d 140, 148-49 (2d Cir. 2008) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).)

For all the reasons set forth in the Decision, as well as Charlamagne's moving and reply memoranda in support of his initial motion to dismiss (Dkt. Nos. 28-3, 76), Plaintiff's defamation and related claims are premised on statements that are protected under the First Amendment and should be dismissed (again) with prejudice.

## POINT II

### PLAINTIFF'S NEW "FALSE LIGHT" CLAIM IS NOT RECOGNIZED UNDER NEW YORK LAW AND MUST BE DISMISSED

The Amended Complaint adds a non-viable "false light" claim against Charlamagne predicated on the same eight statements it alleges are defamatory.  (Am. Compl. ¶ 148.)  As this

Court has recognized, a false light/invasion of privacy claim is not cognizable under New York law.  *See Matthews v. Malkus,* 377 F. Supp. 2d 350, 358-359 (S.D.N.Y. 2005) (citing *Kane v. Orange County Publications*, 232 A.D.2d 526, 528 (2d Dep't 1996)); *see also Howell v. N.Y. Post Co., Inc.*, 81 N.Y.2d 115, 123 (1993); *Pedraglio Loli v. Citibank Inc.*, 1997 WL 778750, at *5 (S.D.N.Y. Dec. 18, 1997) (dismissing false light claim as a matter of law), *aff'd* 173 F.3d 845 (Table), 1999 WL 187913, *1 (2d Cir. 1999).  Accordingly, Plaintiff's false light claim should also be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, including those set forth in this Court's Decision and Charlamagne's motion to dismiss the Complaint, the Amended Complaint should be dismissed as against Charlamagne, in its entirety and with prejudice, for failure to state a claim, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 24, 2020                    GREENBERG TRAURIG, LLP

By: */s/ Michael J. Grygiel*
    Michael J. Grygiel
    Cynthia E. Neidl
    54 State Street, 6th Floor
    Albany, New York 12207
    Tel: (518) 689-1400
    grygielm@gtlaw.com
    neidlc@gtlaw.com

*Attorneys for Defendant Lenard Larry McKelvey a/k/a Charlamagne tha God*

ACTIVE 51029547v7

6