UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA CUMMINGS,<br><br>    Plaintiff,<br><br> - against -<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>    Defendants. | Index No.: 19-CV-7723-CM |

**DEFENDANTS ANDRE PERRY AND HECHINGER INSTITUTE'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

## **TABLE OF CONTENTS**

          **Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    THE AMENDED COMPLAINT DOES NOT ADDRESS
          THE INFIRMITIES IDENTIFIED IN THE DECISION AND ORDER .................. 2

CONCLUSION ............................................................................................................................... 4

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anyanwu v. Columbia Broadcasting System, Inc.*,
　887 F. Supp. 690 (S.D.N.Y. 1995) .............................................................................................3

*Duane Reade Inc. v. Local 338*,
　6 Misc. 3d 790 (Sup. Ct., N.Y. County 2004) ...........................................................................3

*Lerman v. Chickleberry Publ'g Inc.*,
　521 F. Supp. 228 (S.D.N.Y. 1981) .............................................................................................3

*Matthews v. Malkus*,
　377 F. Supp. 2d 350 (S.D.N.Y. 2005) ........................................................................................3

*Triano v. Gannett Satellite Info. Network, Inc.*,
　09-CV-2497, 2010 U.S. Dist. LEXIS 105175
　(S.D.N.Y. Sep. 29, 2010) ............................................................................................................3

Defendants Hechinger Institute on Education and the Media, an institute of Teachers College, Columbia University (the "Hechinger Institute"), and Dr. Andre Perry ("Dr. Perry," collectively, the "Hechinger Defendants"), submit this memorandum of law in support of their motion to dismiss the Amended Complaint in its entirety (the "Motion").

## PRELIMINARY STATEMENT

On February 24, 2020, this Court dismissed all claims against the Hechinger Defendants (Doc No. 94, the "Decision and Order") pursuant to the Hechinger Defendants' initial motion to dismiss (Doc. Nos. 27, 77, the "Initial MTD"). The Court found that the five allegedly defamatory statements by Dr. Perry are nonactionable expressions of opinion:

> When considering the full context of the communication – an opinion column about race and academia – the thrust of the challenged statements are Perry's ruminations on education and race, rather than a factual statement about Cummings.
>
> \*   \*   \*
>
> Perry disclosed that the facts he relied on are the allegations – subject to a government investigation – contained in The Daily News article. Further, Perry uses the word "allegedly" in his description of the allegations contained in the article. . . . Perry's column does not purport to offer any facts outside of what was reported therein.

(Decision and Order at pp. 45-46). Based on these findings, the Court dismissed all claims as nonactionable opinion, but granted Plaintiff leave to replead.

The Amended Complaint offers nothing to address the fatal flaws identified in the Decision and Order. In fact, the Amended Complaint contains only one additional paragraph addressed to the Hechinger Defendants. This additional paragraph states as follows:

> Therefore, Defendant Perry, likewise, cannot cloak his actionable behavior as "opinion," while publicly stating that Plaintiff committed such acts, all the while utilizing a myriad of other offensive racial slurs and hate speech against a Caucasian woman. The statements made about Plaintiff by Defendant Perry were

> personal in their invective, exposed her to public contempt and ridicule and were designed to impugn the Plaintiffs character, professional integrity, and reputation. It has been held in the courts that when readers understand a defamatory meaning, liability cannot be avoided simply because the publication is alleged to be cast in the form of an opinion, belief, insinuation or even question. Thus, Defendant Perry's statements are actionable as defamation, defamation per se, libel, libel per se, and false light.

With the exception of this one additional paragraph, the Amended Complaint is *exactly the same* as the original Complaint with respect to the Hechinger Defendants. This additional paragraph, consists of nothing more than argument and legal conclusion.

The new allegation that Dr. Perry has engaged in "offensive racial slurs and hate speech against a Caucasian woman" is wholly contrived – there are no racial slurs or hate speech in Dr. Perry's article. Indeed, the Court already held that the article is an "opinion column about race and academia." Even if this allegation was true – which it clearly is not – "racial slurs and hate speech" are not actionable fact statements.

The Amended Complaint undeniably fails to address (let alone remedy) the pleading failures identified in the Decision and Order. Thus, for the reasons stated in the Court's Decision and Order (pp. 44-47, 53), the Amended Complaint should be dismissed *with prejudice* as to the Hechinger Defendants.

## ARGUMENT

### I.

### THE AMENDED COMPLAINT DOES NOT ADDRESS THE INFIRMITIES IDENTIFIED IN THE DECISION AND ORDER

To conserve the Court's and parties' resources, rather than restate the argument in the Hechinger Defendants' Initial MTD, they hereby incorporate the Initial MTD as if restated fully herein. As noted above, the single paragraph added to the Amended Complaint contains nothing more than conclusory statements that do not alter the nature of Dr. Perry's blog post and the

2

Court's finding that "the thrust of the challenged statements are Perry's ruminations on education and race, rather than a factual statement about Cummings." (Decision and Order at p. 45)  Thus, Plaintiff's defamation claim should be dismissed with prejudice.[1]

Plaintiff's defamation claim may also be dismissed on several additional grounds that the Court did not reach in its Decision and Order.  The republisher's privilege also bars Plaintiff's claims against the Hechinger Defendants, because the Hechinger Defendants were not grossly irresponsible in relying on the *New York Daily News* reporting.  *See Duane Reade Inc. v. Local 338*, 6 Misc. 3d 790, 794 (Sup. Ct., N.Y. County 2004); *Lerman v. Chickleberry Publ'g Inc.*, 521 F. Supp. 228, 235 (S.D.N.Y. 1981).

The Court also properly dismissed the negligence and emotional distress claims, because "a tort claim based on the same conduct underlying [a] defamation claim fails as a matter of law." (Decision and Order at p. 53 (citing *Anyanwu v. Columbia Broadcasting System, Inc.*, 887 F. Supp. 690, 693 (S.D.N.Y. 1995)).

---

[1] Plaintiff added the term "false light" to the description of her defamation claim in the Amended Complaint, but otherwise this claim remains unchanged from the original complaint.  Should the Court construe the addition of this term as a new claim for "false light," that claim should nonetheless be dismissed, because no such cause of action exists. *See Triano v. Gannett Satellite Info. Network, Inc.*, 09-CV-2497, 2010 U.S. Dist. LEXIS 105175, at *11-12 (S.D.N.Y. Sep. 29, 2010) ("Plaintiffs style their first count as alleging 'defamation/slander/libel/false light.' To the extent that Plaintiffs allege a false light invasion of privacy claim, their claims are dismissed because no such action exists under New York law." (internal citations omitted)); *see also Matthews v. Malkus*, 377 F. Supp. 2d 350, 358 (S.D.N.Y. 2005) (same).

3

## **CONCLUSION**

Based on the foregoing and their Initial MTD papers, Hechinger Defendants respectfully request that this Court grant their Motion to dismiss the Amended Complaint in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: June 25, 2020
New York, New York

    HAYNES AND BOONE, LLP
    *Attorneys for Hechinger Defendants*

    By: s/Richard D. Rochford
        Richard D. Rochford
        Joseph Lawlor
        30 Rockefeller Plaza, 26th Floor
        New York, New York 10112
        Telephone: (212) 659-4984
        richard.rochford@haynesboone.com
        joseph.lawlor@haynesboone.com