UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

PATRICIA CUMMINGS,                                  :
                                                    :      19-cv-07723 (CM)(OTW)
                                        Plaintiff,  :
                                                    :
                    - against -                     :
                                                    :
THE CITY OF NEW YORK; NEW YORK CITY                 :
DEPARTMENT OF EDUCATION; GIULIA COX;                :
COURTNEY WARE; BEN CHAPMAN; NEW YORK                :
DAILY NEWS; DR. ANDRE PERRY; THE HECHINGER          :
REPORT a/k/a HECHINGER INSTITUTE ON                 :
EDUCATION AND THE MEDIA; LENARD LARRY               :
McKELVEY a/k/a *CHARLAMAGNE THA GOD;* WWPR-         :
FM (105.1 MHZ); iHEARTMEDIA; CLEAR CHANNEL          :
COMMUNICATIONS, INC.; NEW YORK STATE                :
SENATOR, KEVIN S. PARKER; COALITION FOR             :
EDUCATIONAL JUSTICE; ANGEL MARTINEZ;                :
NATASHA CAPERS; PHILIP SCOTT; ADVISE MEDIA          :
NETWORK n/k/a AFRICAN DIASPORA NEWS                 :
CHANNEL, and "JOHN DOE AND JANE DOE # 1-100"        :
said names being fictitious, it being the intent of Plaintiff to :
designate any and all individuals, officers, members, agents,    :
servants, and/or employees of the aforementioned agencies       :
owing a duty of care to Plaintiff, individually and jointly and  :
severally,                                                       :
                                                    :
                                        Defendants. :

---------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT NEW YORK STATE SENATOR KEVIN S. PARKER'S
## MOTION TO DISMISS THE AMENDED VERIFIED COMPLAINT

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant Kevin S. Parker
28 Liberty Street
New York, NY 10005
(212) 416-8559

JOHN M. SCHWARTZ
Special Litigation Counsel
   *of Counsel*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 2

THE HISTORY OF THIS ACTION AND THE ORIGINAL COMPLAINT ............................. 2

THE COURT'S DISMISSAL OF THE ORIGINAL COMPLAINT ............................................ 4

THE AMENDED COMPLAINT ................................................................................................. 5

THE STANDARD ....................................................................................................................... 8

ARGUMENT ............................................................................................................................... 8

POINT I        THE AMENDED COMPLAINT IS DEVOID OF ALLEGATIONS
SUFFICIENT TO JUSTIFY RESTORING PLAINTIFF'S DISMISSED
DEFAMATION CLAIM AGAINST SENATOR PARKER ................................ 8

POINT II      BECAUSE IT WAS RELATED TO A MATTER OF POLITICAL,
SOCIAL, OR OTHER CONCERN TO THE COMMUNITY, AND
THERE IS NO PLAUSIBLE ALLEGATION OF ACTUAL MALICE
OR GROSS IRRESPONSIBILITY, SENATOR PARKER'S ALLEGED
STATEMENT WAS CONSTITUTIONALLY PROTECTED .......................... 12

CONCLUSION........................................................................................................................... 17

# TABLE OF AUTHORITIES

CASES                                                                    Page(s)

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................8, 11

*ATSI Comms., Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007)....................................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................8, 11

*Berkovich v. Hicks*,
   922 F.2d 1018 (2d Cir. 1991)........................................................................ 10-11

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002)..................................................................................7

*Chapadeau v. Utica Observer-Dispatch*,
   38 N.Y.2d 196 (1975) ......................................................................... 14, 15, 17

*Connick v. Myers*,
   461 U.S. 138 (1983)............................................................................................13

*Crucey v. Jackall*,
   275 A.D.2d 258 (1st Dep't 2000) (Saxe, J., concurring) .....................................16

*Curtis Pub. Co. v. Butts*,
   388 U.S. 130 (1967)............................................................................................12

*Djangmah v. Falcione*,
   No. 08 Civ. 4027, 2013 WL 6388364 (S.D.N.Y. Dec. 5, 2013)............................11

*Dongguk University v. Yale University*,
   734 F.3d 113 (2d Cir. 2013)................................................................................13

*Dun & Bradstreet v. Greenmoss Builders, Inc.*,
   472 U.S. 749 (1985)............................................................................................14

*Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*,
   194 F. Supp.3d 263 (S.D.N.Y. 2016)...................................................................14

*Frascatore v. Blake*,
   344 F. Supp.3d 481 (S.D.N.Y. 2018)...............................................................5, 14

*Fuji Photo Film U.S.A., Inc. v. McNulty*,
   669 F. Supp. 2d 405 (S.D.N.Y. 2009).................................................................16

*Gaeta v. New York News, Inc.*,
   62 N.Y.2d 340 (1984) ............................................................................................17

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974)........................................................................................... 12-13

*Goldberg v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
   No. 97 CIV. 8779, 1998 WL 321446 (S.D.N.Y. June 18, 1998),
   *aff'd* 181 F.3d 82 (2d Cir. 1999)…………………………………………….. ……..9

*Harte-Hanks Communications, Inc. v. Connaughton*,
   491 U.S. 657 (1989)........................................................................................16

*Hosain-Bhuiyan v. Barr Laboratories, Inc.*,
   No. 17 CV 114, 2017 WL 4122621 (S.D.N.Y. Sept. 14, 2017) ............................16

*Huizenga v. NYP Holdings, Inc.*,
   No. 17 CV 2113, 2019 WL 1620743 (S.D.N.Y. April 16, 2019)..........................16

*Hustler Magazine, Inc. v. Falwell*,
   485 U.S. 46 (1988)...........................................................................................13

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
   140 F.3d 442 (2d Cir. 1998)................................................................................9

 *Kane v. Orange County Publications, 232 A.D.2d 526 (2d Dep't., 1996) (2d Dep't.,*
   *1996)*……………………………………………………… …………     9

*Konikoff v. Prudential Ins. Co. of America*,
   234 F.23d 92 (2d Cir. 2000)…………………………………………………    14

*Matthews v. Malkus*,
377 F. Supp.2d 350 (S.D.N.Y. 2005) …………………………………………    9

*Mirage Ent'mt, Inc. v. FEG Entretenimientos S.A.*,
   326 F. Supp.3d 26 (S.D.N.Y. 2018)....................................................................7

*New York Times v. Sullivan*,
   376 U.S. 254 (1964)........................................................................................12

*Rinaldi v. Holt, Rinehart & Winston, Inc.*,
   366 N.E.2d 1299 (N.Y. 1977).............................................................................5

*Rolon v. Hennenman*,
   517 F.3d 140 (2d Cir. 2008)...............................................................................8

*San Diego v. Roe*,
   543 U.S. 77 (2004)..........................................................................................14

*Snyder v. Phelps*,
    562 U.S. 443 (2011).................................................................................... 13-14, 15

*St. Amant v. Thompson*,
    390 U.S. 727 (1968)...............................................................................................16

*Sweeney v. Prisoners' Legal Services of New York, Inc.*,
    84 N.Y.2d 786 (1995) ...........................................................................................16

## CONSTITUTIONS

First Amendment ...........................................................................................12, 13

United States Constitution Fifth and Fourteenth Amendments ...........................6

United States Constitution Speech and Debate Clause.........................................7

## FEDERAL STATUTES

28 U.S.C.
    § 1367.....................................................................................................................8
    § 1367(c)(4) ...........................................................................................................9

42 U.S.C.
    § 1981.....................................................................................................................6
    § 1983.................................................................................................................3, 6
    § 1985 (1), (2) and (3)…………………………………………………….    6
    § 1988……………………………………………………………………     6

Civil Rights Act of 1964
    Title VII ................................................................................................................6

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(6)............................................................................................8

Fed. R. Civ. P. 12(c) ...........................................................................................4, 7

Fed. R. Ev. 401 ....................................................................................................10

Fed. R. Ev. 403 ....................................................................................................10

Fed. R. Ev. 404(b)................................................................................................10

Fed. R. Ev. 404(b)(1) ...........................................................................................10

**MISCELLANEOUS AUTHORITIES**

*Encyclopedia Brittanica* https://www.britannica.com/topic/Middle-Passage-slave-trade (last visited Jun. 22, 2020) .................................................................................3

Joe Darion's and Mitch Leigh's *Man of La Mancha* ....................................................11

New York Daily News......................................................................................................3

Memorandum Decision and Order Dismissing Complaint, dated February 24, 2020 (ECF No. 94), 2020 WL 882335 (S.D.N.Y. Feb. 24, 2020) ("the February 24, 2020 Order").........................................................................2-5, 11-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PATRICIA CUMMINGS,                                  :
                                                    :        19-cv-07723 (CM)(OTW)
                                    Plaintiff, :
                                                    :
                  - against -                       :
                                                    :
THE  CITY  OF  NEW  YORK;  NEW  YORK  CITY :
DEPARTMENT  OF  EDUCATION;  GIULIA  COX; :
COURTNEY WARE; BEN CHAPMAN; NEW YORK :
DAILY   NEWS;   DR.   ANDRE   PERRY;   THE :
HECHINGER REPORT a/k/a HECHINGER INSTITUTE :
ON  EDUCATION  AND  THE  MEDIA;  LENARD :
LARRY McKELVEY a/k/a *CHARLAMAGNE THA GOD;* :
WWPR-FM (105.1 MHZ); iHEARTMEDIA; CLEAR :
CHANNEL COMMUNICATIONS, INC.; NEW YORK :
STATE SENATOR, KEVIN S. PARKER; COALITION :
FOR EDUCATIONAL JUSTICE; ANGEL MARTINEZ; :
NATASHA  CAPERS;  PHILIP  SCOTT;  ADVISE :
MEDIA  NETWORK  n/k/a  AFRICAN  DIASPORA :
NEWS CHANNEL, and "JOHN DOE AND JANE DOE # :
1-100" said names being fictitious, it being the intent of :
Plaintiff  to  designate  any  and  all  individuals,  officers, :
members,  agents,  servants,  and/or  employees  of  the :
aforementioned agencies owing a duty of care to Plaintiff, :
individually and jointly and severally,                :
                                                    :
                                    Defendants.  :
---------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT NEW YORK STATE SENATOR KEVIN S. PARKER'S
## MOTION TO DISMISS THE AMENDED VERIFIED COMPLAINT

Defendant NEW YORK STATE SENATOR KEVIN S. PARKER ("Senator Parker"),

through his attorney, LETITIA JAMES, Attorney General of the State of New York, submits this

memorandum in support of his motion for judgment pursuant to Fed. R. Civ. P. 12(b)(6),

dismissing the Amended Verified Complaint (ECF No. 100, "Amended Complaint" or "Am.

Compl.").

## PRELIMINARY STATEMENT

In a February 24, 2020 Memorandum Decision and Order, this Court dismissed the original Verified Complaint in this action, including all the claims against Defendant Senator Parker for defamation, negligence, and negligent and intentional infliction of emotional distress. ECF No. 94. In her Amended Complaint, Plaintiff has abandoned all her prior claims except those based on defamation and its subcategories, which this Court previously dismissed on the grounds that the Senator's statements at issue were protected expressions of opinion. Her amended pleading contains no allegations that would justify a reconsideration of the prior holding of this Court that the statements in question were non-actionable opinions. (*See* Point I, *infra*.) Even if there were some doubt as to that judgment, however, the statements were made on a matter of political, social, or other concern to the community that was of general interest and of value and concern to the public, and since the Amended Complaint contains no plausible allegations that Senator Parker knew the facts on which he was commenting were false or had reckless disregard as to whether they were true, or displayed gross irresponsibility in making his statements, the defamation claims should be dismissed. (*See* Point II, *infra*.) Thus, the Amended Complaint should be dismissed as to Senator Parker.

## THE HISTORY OF THIS ACTION AND THE ORIGINAL COMPLAINT

The contents of the original Verified Complaint (ECF No. 13, "Complaint" or "Compl.") and the procedural history of this action prior thereto are described in the Memorandum Decision and Order Dismissing Complaint, dated February 24, 2020 (ECF No. 94), 2020 WL 882335 (S.D.N.Y. Feb. 24, 2020) ("the February 24, 2020 Order"). The action was originally commenced in the New York Supreme Court, Suffolk County, on January 10, 2019, was removed to the United States District Court for the Eastern District of New York on March 22, 2019, and was

subsequently transferred to this Court. ECF No. 94 at 15-16, 2020 WL 882335 at *8-9.

In the Complaint, filed in the Eastern District on May 17, 2019, Plaintiff alleged that she had been a probationary social studies teacher employed by the New York City Department of Education ("DOE") and assigned to William W. Niles School – Middle School 118 in the Bronx, who, on January 9, 2018, taught her seventh grade social studies classes a lesson on the Middle Passage[1] that featured a clip from the movie *Freedom* and an impromptu demonstration in which students were directed to sit very close together for a demonstration to exhibit the cramped conditions on the ship. Compl. ¶¶ 51-53. A parent complained and Plaintiff's conduct was referred to investigation by the DOE, which ultimately concluded that her Middle Passage lesson showed "poor judgment." Plaintiff's employment was ultimately terminated. *Id.* ¶ 80. The New York Daily News reported on the allegations against Plaintiff and the DOE's investigation into the matter as the situation developed, and the reportage was picked up by other media outlets and sparked significant public controversy. *Id.* ¶¶ 58-63. *See also* ECF No. 94 at 1-2, 5-9, 2020 WL 882335 at *1, *3-5.

In the Complaint, Plaintiff asserted claims against myriad defendants, including the City of New York, the Department of Education, local lawmakers, the Mayor of New York City, media organizations, and journalists. She alleged her federal claims pursuant to, *inter alia*, 42 U.S.C. § 1983 for violation of her civil rights, right to due process, and right to equal protection, and state law claims including fraud, breach of contract, negligence, defamation, libel, slander and both negligent and intentional infliction of emotional distress ("IIED"). Compl. ¶¶ 82-209. As to Senator Parker, whom the Complaint identified as a member of the New York State Senate

---

[1] The Middle Passage refers to the forced voyage of enslaved Africans between West Africa and the Americas during the transatlantic slave trade. *See Encyclopedia Brittanica* https://www.britannica.com/topic/Middle-Passage-slave-trade (last visited Jun. 22, 2020).

representing a district in Brooklyn who had been first elected in 2002, *id.* ¶ 39, it asserted a state

law claim for defamation, alleging that the Senator had made the following statements quoted in

the New York Amsterdam News of February 9, 2018, with "flagrant disregard as to whether the

accusations made against the Plaintiff were actually true:"

> • *"Like many others, I am completely outraged to by the actions of Bronx Middle School* 118 *teacher, Patricia Cummings," said State Sen. Kevin Parker. "I call for her swift removal from the New York City Department of Education, and the revocation of all New York State licensures and credentials that would allow her to teach in our State."*

> • *Parker continued, "Although I hear some calling for a second chance for Ms. Cummings via culturally competent training and the like, as an African studies professor at the City University of New York for over 20 years now, I know there .* Compl. ¶¶ 82-209. *practices when deciding who will be afforded the honor of teaching our children."*

*Id.* ¶ 108. The Complaint also included the Senator in additional state law claims that it asserted

against "all defendants" for "Negligence," *id.* ¶¶ 188-194, Negligent Infliction of Emotional

Distress ("NEID"), *id.* ¶¶ 195-200, and Intentional Infliction of Emotional Distress ("IIED"), *id.*

¶¶ 201-209.

## THE COURT'S DISMISSAL OF THE ORIGINAL COMPLAINT

In the February 24, 2020 Order, this Court granted motions to dismiss the Complaint by all

the defendants other than Senator Parker, as well as Senator Parker's motion for judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c). It dismissed the Complaint in its entirety, with leave

to replead within twenty-one days. ECF No. 94 at 53, 2020 WL 882335 at *27. In dismissing the

defamation claim against Senator Parker, the Court concluded that his statement quoted above

"was clearly an expression of opinion," a reaction to the "reported" and "alleged" facts concerning

Plaintiff's lesson about the Middle Passage described in the Amsterdam News article in which the

statement appeared. ECF No. 94 at 51, 2020 WL 882335 at *26. In its analysis of the law of

defamation, the Court held that "defendants cannot be liable 'for simply expressing their opinion

... no matter how unreasonable, extreme or erroneous these opinions might be.'" ECF No. 94 at

38, 2020 WL 882335 at *20 (quoting *Rinaldi v. Holt, Rinehart & Winston, Inc.*, 366 N.E.2d 1299,

1306 (N.Y. 1977)). Of the three core ideas expressed by Senator Parker in the article, the Court

focused on one, as follows:

> The only statement arguably capable of defamatory construction is the statement
> that culturally sensitive training would not be effective for Ms. Cummings.
> However, that is plainly not something provable and so qualifies as opinion.
> Moreover, the facts about Plaintiff on which Senator Parker based this statement
> are set out in the article, and there is no suggestion therein, or anywhere else in the
> Complaint, that Defendant Parker was referring to any undisclosed facts about
> Plaintiff. To the contrary, Parker explained in the preceding sentence that the basis
> of this statement was his personal experience as an African studies professor. Those
> receiving the statement would be free to credit or discount the bearing that
> experience had on the debate at hand. Indeed, the full context in which the statement
> appears would signal to a reader that they were reading or hearing impassioned
> rhetoric typical of debates on public issues. Senator Parker's quoted comment is
> "protected as a statement of opinion and thus not a false statement of fact."

ECF No. 94 at 52, 2020 WL 882335 at *27 (quoting *Frascatore v. Blake*, 344 F. Supp.3d 481,

494 (S.D.N.Y. 2018)). The Court also dismissed all of Plaintiff's claims for negligence,

negligent infliction of emotional distress and intentional infliction of emotional distress,

including against Senator Parker. ECF No. 94 at 52-53, 2020 WL 882335 at *27.

## THE AMENDED COMPLAINT

On March 16, 2020, Plaintiff attempted to electronically file an Amended Complaint (ECF

No. 95), which was rejected by the ECF system for technical reasons. By Endorsed Order dated

May 26, 2020 (ECF No. 99), this Court granted Plaintiff leave to refile her amended complaint,

in response to Plaintiff's letter motion, without opposition, requesting such relief. Plaintiff,

however, did not refile the proposed amended complaint that she had unsuccessfully tried to file

in March (ECF No. 95) and that the Court had given her leave to refile. Rather, on May 28, 2020,

she filed a revised version of an Amended Complaint (ECF No. 100), which contained additional

text in many paragraphs and was several pages longer. It is to the second version of the Amended Complaint (ECF No. 100) that this motion is addressed.

In her revised amended pleading, Plaintiff has dropped as Defendants the Mayor and a former and a current City Councilman, as well as the Office of Special Investigation that the Court's February 24, 2020 Order had noted was in fact an entity within the DOE. On the other hand, she has added as Defendants yet another journalist and another media company. Am. Compl. ¶¶ 39-40. She claims that this Court has jurisdiction pursuant to 42 U.S.C. "§§§ 1981, 1983, 1985 (1), (2) and (3), § 1988, Title VII of the Civil Rights Act of 1964 ('Title VII') and the Fifth and Fourteenth Amendments of the United States Constitution," as well as "pendent" and "supplemental" jurisdiction, Am. Compl. ¶ 1, and has asserted federal and state claims against New York City, the DOE, and her former principal and assistant principal for "Fraud/Misconduct, Negligence, Violation of Due Process, Violation Civil Rights, and Discrimination," Am. Compl. at 73, ¶¶ 172-221, NEID, *id.* at 92, ¶¶ 222-229, and IIED, *id.* at 93, ¶¶ 230-239. Senator Parker is not included as a Defendant in any of these claims.

The only claims against Senator Parker in the operative Amended Complaint appear at paragraphs 154-160 thereof and are included in its collected state law claims against the media defendants and persons quoted by the media, *id.* ¶¶ 98-171, which it labels as "II. Causes of Action for Defamation, Defamation *Per Se*, Libel, Libel *Per Se*, Slander, Slander *Per Se* and False Light." *Id.* at 31. The allegedly defamatory statements it attributes to the Senator are the same quotations from the February 9, 2018 article in the New York Amsterdam News that were the gravamen of Plaintiff's claim in the original Complaint, repeated verbatim at Am. Compl. ¶ 157. The only purportedly factual allegations concerning Senator Parker in the Amended Complaint that were not made in the dismissed Complaint are the following:

1. After identifying Senator Parker, Plaintiff has added allegations apparently drawn from news reports concerning personal confrontations or displays of temper in which the Senator was reported to have been involved in past years, some of which led to prosecutions. *Id.* ¶ 35. A later allegation that the Senator's "statements on Plaintiff's character and on her 'deplorable acts' are quite ironic given his own personal controversies," *id.* ¶ 109, demonstrate Plaintiff's intent to rely on these news stories to support an attack on the Senator's character.

2. Plaintiff's only effort to adjust her amended pleading to the Court's holding in its February 24, 2020 Order that Senator Parker's quoted statements are non-actionable opinion is her new contention that Senator Parker's quoted statements "cannot be an expression of his opinion" because "[a]s a New York State Senator, his words are accepted as the truth." Am. Compl. ¶ 160.

In addition to these allegations in support of her character and opinion arguments, Plaintiff's amended pleading contains various other conclusory and argumentative assertions, *id.* ¶¶ 155, 156, 158, including to the effect that Senator Parker's statements are not protected by "privilege," *id.* ¶ 155, or by the "Speech and Debate Clause of the United States Constitution," *id.* ¶ 158, although those legal theories appeared neither in Senator Parker's prior Rule 12(c) motion nor, with respect to the Senator, in the Court's February 24, 2020 Order.

Submitted herewith as Exhibit A to the Declaration of John M. Schwartz dated June 25, 2020 ("Schwartz Decl."), is a complete and accurate copy of the article in the New York Amsterdam News dated February 9, 2018, in which the statement attributed to Senator Parker for which Plaintiff sues him appeared.[2] The article is entitled "Parents storm City Hall in slavery incident protest," recites the facts of Plaintiff's January 9, 2018 history lesson as they were apparently known to the press at the time, but with qualifying adjectives such as "reportedly" and "allegedly," and then quotes the language attributed to Senator Parker that was alleged in the

---

[2] For purposes of a motion to dismiss, a complaint is deemed to include not only documents attached to or incorporated by reference in it, but also documents upon which the complaint relies heavily. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Mirage Ent'mt, Inc. v. FEG Entretenimientos S.A.*, 326 F. Supp.3d 26, 30 (S.D.N.Y. 2018).

Complaint and is repeated in the Amended Complaint. *See* Schwartz Decl., Exhibit A, at 2.

## THE STANDARD

To survive a motion to dismiss made pursuant to Federal Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating whether the Complaint meets this standard, the Court must accept all factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *ATSI Comms., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court is not, however, obligated to accept as true legal conclusions couched as factual allegations. *Rolon v. Hennenman*, 517 F.3d 140, 148–49 (2d Cir. 2008); *see also Iqbal*, 556 U.S. at 678. Unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.

## ARGUMENT

## POINT I

### THE AMENDED COMPLAINT IS DEVOID OF ALLEGATIONS SUFFICIENT TO JUSTIFY RESTORING PLAINTIFF'S DISMISSED DEFAMATION CLAIM AGAINST SENATOR PARKER

Plaintiff's purported causes of action for various subcategories of defamation and "False Light," against Senator Parker and many of the other Defendants, Am. Compl. at 31, are claims under state law. 28 U.S.C. § 1367 confers on the district court jurisdiction to consider supplemental claims under state law, but the court may only decline to consider such state law claims in limited circumstances, one of which is if "in exceptional circumstances, there are other compelling reasons

for declining jurisdiction." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446-47 (2d Cir. 1998); 28 U.S.C. § 1367(c)(4). If the federal claims asserted against the City and DOE Defendants are stricken pursuant to the motions of those defendants to dismiss the Amended Complaint as to them, such "exceptional circumstances" exist for this Court to decline to review plaintiff's state law claims. If the Court has no jurisdiction over the plaintiff's federal claims, it may decline to assert jurisdiction over the plaintiff's state law claims. However, even if the Court were to examine the claims asserted against Senator Parker, they should be dismissed for failure to state a plausible claim.

Plaintiff's new purported claim of "False Light," Am. Compl. at 31, adds nothing. "False Light" is not a cognizable cause of action in New York. *Matthews v. Malkus*, 377 F. Supp.2d 350, 358-59 (S.D.N.Y. 2005);  *Kane v. Orange County Publications,* 232 A.D.2d 526, 528 (2d Dep't., 1996) . Thus, all that remains in her Amended Complaint of her asserted claims against Senator Parker are six permutations of defamation, Am. Compl. at 31, essentially the same claim that this Court previously dismissed. *See Id.* ¶¶ 154-160. She has not alleged anything that would in any way undercut or require reconsideration of this Court's holding, in its February 24, 2020 Order, that the challenged statements of the Senator were non-actionable opinion. "Under the 'law of the case' doctrine a court adheres to its own decision at an earlier stage of the litigation unless there are cogent or compelling reasons not to, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Goldberg v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* No. 97 Civ. 8779, 1998 WL 321446, at *8 (S.D.N.Y. June 18, 1998), *aff'd* 181 F.3d 82 (2d Cir. 1999).  Plaintiff here has satisfied none of those conditions.

Plaintiff's allegations of Senator Parker's involvement in incidents in prior years that had

nothing to do with Plaintiff or the furor over her January 9, 2018 history lesson, Am. Compl. ¶

35, are apparently included to support an argument that Senator Parker has been involved in

"personal controversies" allegedly just as "deplorable" as Plaintiff's conduct to which he applied

that label.  Such allegations are completely irrelevant to this action; indeed, evidence of such

incidents would be inadmissible herein. Fed. R. Ev. 404(b)(1). Although the Second Circuit's

"inclusionary" approach to this rule permits admission for other "relevant" purposes, unless

substantially outweighed under the balancing procedure contemplated by Fed. R. Ev. 403, there

is no doubt that "wrongful acts evidence may not be admitted merely to show the defendant's

propensity to commit the act in question." *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir.

1991).

> Evidence is relevant if:
>
> **(a)** it has any tendency to make a fact more or less probable than
> it would be without the evidence; and
>
> **(b)** the fact is of consequence in determining the action.

Fed. R. Ev. 401. Under this standard, Plaintiff's scandalous allegations concerning Senator

Parker's past confrontations, Am. Compl. ¶ 35, are irrelevant, since they shed no light whatsoever

on the question of whether his quoted statements in the Amsterdam News of February 9, 2018

were opinions and therefore not actionable as defamatory.

In *Berkovich*, a suit in which the plaintiff, among other things, alleged assault and battery

by a police officer who had arrested him, the plaintiff sought to introduce evidence of prior

complaints of use of force by the same officer. The Second Circuit rejected the plaintiff's

arguments that the prior complaints showed Hicks' "sadistic," "malicious," "aggravated state of

mind," and that they established a pattern of conduct; although they may have had some probative

value in establishing a motive, the Circuit held the trial court acted within its discretion in finding

them outweighed by the risk of substantial prejudice. *Id.* at 1022-23. The Circuit affirmed the judgment after trial, including the trial court's refusal to grant judgment notwithstanding the verdict. *Id.* at 1026; *see also Djangmah v. Falcione*, No. 08 Civ. 4027, 2013 WL 6388364 (S.D.N.Y. Dec. 5, 2013), an action for excessive force against an arresting police officer, in which Judge Failla barred the plaintiff from discovery on a prior incident involving the defendant officer that involved deadly force and concluded that it was "'no more than a veiled attempt to do what Rule 404(b) expressly prohibits—introducing evidence of bad acts to show the defendant's propensity to commit such acts.'" *Id.* at *9 (quoting *Berkovich*, 922 F.2d at 1022). Here, Plaintiff's attempt to evade Rule 404(b) is not veiled, and her pleaded alleged facts are inadmissible.

In her amended pleading, Plaintiff has also added the far-fetched allegation that "[a]s a New York Senator, his words are accepted as the truth," as a basis for her conclusory argument that "Defendant Parker's comments cannot be an expression of his opinion." Am. Compl. ¶ 160. Of course, that the Senator's words would be generally accepted as a true fact because of the office he holds is, to borrow a phrase from Joe Darion's and Mitch Leigh's *Man of La Mancha*, every politician's "impossible dream" – a level of credibility to be sought but rarely achieved, even for more prominent office-holders than State Senators. For the Amended Complaint to make such an assertion is to fly in the face of the pleading's plausibility requirement, *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 570, as well as the clear and thorough holding of this Court that, based on the quoted statement itself and the article in which it appeared, Schwartz Decl. Ex. A, "the full context in which the statement appears would signal to a reader that they were reading or hearing impassioned rhetoric typical of debates on public issues." February 24, 2020 Order, ECF No. 94 at 52, 2020 WL 882335 at *27. On the basis of this conclusion, the Court held Senator Parker's statement to be protected as an opinion and, thus, not a false statement of fact. *Id.* The Amended

Complaint has added nothing to change that holding.

### POINT II

**BECAUSE IT WAS RELATED TO A MATTER OF POLITICAL, SOCIAL, OR OTHER CONCERN TO THE COMMUNITY, AND THERE IS NO PLAUSIBLE ALLEGATION OF ACTUAL MALICE OR GROSS IRRESPONSIBILITY, SENATOR PARKER'S ALLEGED STATEMENT WAS CONSTITUTIONALLY PROTECTED**

Even if Senator Parker's statements were not protected as non-actionable opinions, the First Amendment provides more rigorous protection if the allegedly defamatory statement has been made on a matter of public concern, rather than one of purely private significance. The February 24, 2020 Order did not reach this issue, apparently because the Court was able to dispose of the defamation claim against Senator Parker on the ground that his statements were non-actionable opinions. As demonstrated in Point I above, the Court may reach the same conclusion with respect to the Amended Complaint. If the Court should entertain any doubt on the opinion issue, however, the defamation claim against Senator Parker should still be dismissed.

In *New York Times v. Sullivan*, 376 U.S. 254 (1964), the Supreme Court held that the Constitution prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he "proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 279-80. In *Curtis Pub. Co. v. Butts*, 388 U.S. 130 (1967), a plurality of the Court extended the protection of this "New York Times rule" to "public figures" who were not public officials, although with some disagreement on analysis. *Compare id.* at 155 (Justice Harlan's opinion for a plurality) and 263-64 (Justice Warren, concurring). In *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), however, a majority of the Court held the New York Times standard applicable to "public figures as well as those who hold governmental office," 418 U.S. at 342, and

described "public figures" as follows:

> That designation may rest on either of two alternative bases. In some instances an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts. More commonly, an individual voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues. In either case such persons assume special prominence in the resolution of public questions.

*Id.* at 351. The Amended Complaint devotes special attention to portraying Plaintiff as a private figure. Am. Compl. ¶¶ 46-51. In *Gertz*, the Court left it to the states to "define for themselves the appropriate standard of liability" for the publisher of a "defamatory falsehood injurious to a private individual," so long as they did not impose liability without fault and did not permit recovery of presumed or punitive damages without a showing of knowledge of falsity or reckless disregard for the truth. *Id.* at 347-349. The Court has not hesitated, however to "articulate guiding principles . . . that accord broad protection to speech to ensure that courts themselves do not become inadvertent censors." *Snyder v. Phelps*, 562 U.S. 443, 452 (2011). Thus, "'speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection.'" *Id.* (quoting *Connick v. Myers*, 461 U.S. 138, 145 (1983).

> [W]hen speech is related to a 'matter of political, social, or other concern to the community or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public,' . . . then the speaker may be liable for "damage to reputation ... only if the statement was made 'with knowledge that it was false or with reckless disregard of whether it was false or not.' . . . This is true regardless of the claim at issue, be it defamation, intentional infliction of emotional distress, or negligence; heightened First Amendment protections apply to any tort alleging reputational harm as long as the underlying speech relates to a matter of public concern.

*Dongguk University v. Yale University*, 734 F.3d 113, 129 (2d Cir. 2013) (quoting *Snyder*, 562 U.S. at 453 and *Hustler Magazine v. Falwell*, 485 U.S. 46, 52 (1988)).  As explained in *Snyder*,

> Speech deals with matters of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community," . . . or when it "is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public."

562 U.S. at 453 (quoting *Connick*, 461 U.S. at 146 and *San Diego v. Roe*, 543 U.S. 77, 83-84 (2004)). Determining whether speech is of public or private concern requires examination of the "'content, form and context'" of that speech, "'as revealed by the whole record.'" *Snyder*, 562 U.S. at 453 (quoting *Dun & Bradstreet v. Greenmoss Builders, Inc.*, 472 U.S. 749, 761 (1985)).

In addition, in response to the latitude given the states to fashion their own standard of liability for a private defamation plaintiff, New York chose to follow a path of its own, imposing a stricter standard than many other states. In *Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196 (1975), the New York Court of Appeals held that where the plaintiff is a private figure and "'within the limits imposed by the Supreme Court, where the content of the article is <u>arguably</u> within the sphere of legitimate public concern," the plaintiff may recover only if he or she can establish by a preponderance of the evidence that "the publisher acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties." *Id.* at 199 (emphasis added). That is still the law of New York. *Frascatore,* 344 F. Supp.3d at 496; *accord Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, 194 F. Supp.3d 263, 287 (S.D.N.Y. 2016). As Judge Sack explained in *Konikoff v. Prudential Ins. Co. of America*, 234 F.23d 92 (2d Cir. 2000), the "actual malice" requirement promulgated by the Supreme Court for public-official and public-figure libel suits is the constitutionally minimum standard, whereas New York has superimposed its own test "in order to increase the defendants' protection or to harmonize the protection available to defendants in public-plaintiff suits with that available to defendants in private plaintiff suits." *Id.* at 105.

The media storm and protests that followed the report of Plaintiff's January 9, 2018 history

lesson, including front-page news stories and demonstrations at City Hall, demonstrate the intense public interest in and concern about the proper method of teaching the more troubling aspects of American history, especially to minority students. Senator Parker's reaction to Plaintiff's reported conduct, as quoted in the Amsterdam News, convey his strong views on the broad public issue of the sensitivity required of public-school teachers, notwithstanding its focus on Plaintiff. The Complaint contains no allegation of any pre-existing relationship between Senator Parker and Plaintiff that might suggest Senator Parker's statement was aimed at Plaintiff over a private matter. *See Snyder*, 562 U.S. at 454-55 (protests at soldier's funeral held to be on matter of public concern where dominant theme of demonstration spoke to broad public issues and protesters had no prior relationship to soldier or his family).

Thus, even if Senator Parker's statements about Plaintiff's conduct here were not protected as an opinion, her Amended Complaint would have to plausibly allege not only "knowledge or reckless disregard of falsity" (the constitutional standard) but also facts satisfying the "grossly irresponsible" standard of *Chapadeau*. The Amended Complaint contains no such allegations, whether plausible or not. Nowhere in the Amended Complaint is it alleged that Senator Parker had access to any facts concerning Plaintiff's January 9, 2018 history lesson other than those reported in the February 9, 2018 article in the New York Amsterdam News on which he had been asked to comment, Schwartz Decl. Ex. A, and those reported facts were carefully described in that article as "reportedly" and "allegedly." *Id.* at 2. Unlike the original Complaint, the Amended Complaint does not even assert that Senator Parker's statement was made with disregard as to whether the accusations made against the Plaintiff in the Amsterdam News article were true. *Cf.* Compl. ¶ 108. Even if such a conclusory allegation had been made in the Amended Complaint, it would have been insufficient to defeat the protection afforded statements concerning a matter of public

concern. *See Huizenga v. NYP Holdings, Inc.*, No. 17 CV 2113, 2019 WL 1620743, at *3 (S.D.N.Y. April 16, 2019) (allegations that defendant knew statements to be false and that its acts were willful and malicious insufficient to allege actual malice plausibly); *Hosain-Bhuiyan v. Barr Laboratories, Inc.*, No. 17 CV 114, 2017 WL 4122621, at *5 (S.D.N.Y. Sept. 14, 2017) (unexplained allegations that defendant made "knowingly false" defamatory statements insufficient to prevent dismissal); *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 415 (S.D.N.Y. 2009) ("conclusory and unsupported" allegations of malice not entitled to presumption of truthfulness). Plaintiff's current pleading, however, does not even try to make such an allegation.

The closest the Amended Complaint comes to criticizing Senator Parker's treatment of the reported facts available to him is in an allegation directed to all the Defendants at whom Plaintiff's defamation claims are directed, presumably including the Senator, that those Defendants defamed her by "publishing and/or republishing numerous verifiably false statements." Am. Compl. ¶ 99. But the protection afforded Senator Parker by the Constitution is not conditional on verification or investigation, since "failure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard." *Harte-Hanks Communications, Inc.*, 491 U.S. at 688; *accord St. Amant v. Thompson*, 390 U.S. 727, 733 (1968); *see also Sweeney v. Prisoners' Legal Services of New York, Inc.*, 84 N.Y.2d 786, 793 (1995) (defendants' failure to investigate insufficient to show actual malice in defamation action); *Crucey v. Jackall*, 275 A.D.2d 258, 265 (1st Dep't 2000) (Saxe, J., concurring) (complaint dismissed; "the writer had no obligation to investigate the accuracy of the source's information"). Nor does the Amended Complaint contain any allegations of gross irresponsibility on the part of Senator Parker and thus fails New York's *Chapadeau* standard as well. *See Gaeta v. New York News, Inc.*, 62

N.Y.2d 340, 351 (1984) (no reason to doubt veracity of defendant's source; no issue of gross irresponsibility). Thus, even if Senator Parker's statements were not protected expression of opinions, the defamation claim against him should still be dismissed.

## CONCLUSION

Judgment should be entered dismissing the Amended Complaint as against Senator Parker, with prejudice and without fees or costs.

Dated: New York, New York
June 25, 2020

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant Kevin S. Parker
By:

*John M. Schwartz*

John M. Schwartz
Special Litigation Counsel
28 Liberty Street
New York, NY 10005
(212) 416-8559
John.Schwartz@ag.ny.gov