UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PATRICIA CUMMINGS,                                  :
                                                    :        19-cv-07723 (CM)(OTW)
                                        Plaintiff,  :
                                                    :
                        - against -                 :
                                                    :
THE CITY OF NEW YORK; NEW YORK CITY                 :
DEPARTMENT OF EDUCATION; GIULIA COX;                :
COURTNEY WARE; BEN CHAPMAN; NEW YORK                :
DAILY NEWS; DR. ANDRE PERRY; THE HECHINGER          :
REPORT a/k/a HECHINGER INSTITUTE ON                 :
EDUCATION AND THE MEDIA; LENARD LARRY               :
McKELVEY a/k/a *CHARLAMAGNE THA GOD;* WWPR-          :
FM (105.1 MHZ); iHEARTMEDIA; CLEAR CHANNEL          :
COMMUNICATIONS, INC.; NEW YORK STATE                :
SENATOR, KEVIN S. PARKER; COALITION FOR             :
EDUCATIONAL JUSTICE; ANGEL MARTINEZ;                :
NATASHA CAPERS; PHILIP SCOTT; ADVISE MEDIA          :
NETWORK n/k/a AFRICAN DIASPORA NEWS                 :
CHANNEL, and "JOHN DOE AND JANE DOE # 1-100"        :
said names being fictitious, it being the intent of Plaintiff to :
designate any and all individuals, officers, members, agents, :
servants, and/or employees of the aforementioned agencies :
owing a duty of care to Plaintiff, individually and jointly and :
severally,                                          :
                                                    :
                                        Defendants. :
--------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NEW YORK STATE SENATOR KEVIN S. PARKER'S MOTION TO DISMISS THE AMENDED VERIFIED COMPLAINT

                        LETITIA JAMES
                        Attorney General
                        State of New York
                        Attorney for Defendant Kevin S. Parker
                        28 Liberty Street
                        New York, NY 10005
                        (212) 416-8559

JOHN M. SCHWARTZ
Special Litigation Counsel
        *of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................. ii

ARGUMENT .................................................................................................................................. 1

    I.      SENATOR PARKER'S STATEMENTS QUOTED IN THE
           AMSTERDAM NEWS WERE NON-ACTIONABLE OPINION ....................... 1

    II.     SENATOR PARKER'S ALLEGED STATEMENTS WERE
           CONSTITUTIONALLY PROTECTED AS RELATED TO A
           MATTER OF POLITICAL, SOCIAL, OR OTHER CONCERN
           TO THE COMMUNITY ....................................................................................... 6

CONCLUSION ............................................................................................................................... 7

i

# TABLE OF AUTHORITIES

**CASES**                                                                                          **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................4-5

*Cantrell v. Forest City Publishing Company*
    419 U.S. 245 (1974)..............................................................................................5-6

*Celle v. Filipino Reporter Enterprises Inc.*,
    209 F.3d 163 (2d Cir. 2000)....................................................................................4

*Chapadeau v. Utica Observer-Dispatch*,
    38 N.Y.2d 196 (1975) ............................................................................................7

*Crucey v. Jackall*,
    275 A.D.2d 258 (1st Dep't 2000) (Saxe, J., concurring) .........................................4

*Cummings v. City of New York, et al.*,
    No. 19 cv 7723, 2020 WL 882335 (S.D.N.Y. Feb. 24, 2020) ..............................2, 3

*Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*,
    194 F.Supp.3d 263 (S.D.N.Y. 2016)........................................................................4

*Gertz v. Robert Welch, Inc.*,
    418 U.S. 323 (1974)................................................................................................7

*Harte-Hanks Communications, Inc. v. Connaughton*,
    491 U.S. 657 (1989)................................................................................................4

*Hayashi v. Ozawa*,
    No. 17 CV 2558, 2019 WL 1409389 (S.D.N.Y. March 28, 2019)............................4

*Howell v. New York Post Co.*,
    81 N.Y.2d 115 (1993) .............................................................................................6

*Immuno AG v. Moor-Jankowski*,
    77 N.Y.2d 235 (1991) .............................................................................................4

*Konikoff v. Prudential Ins. Co. of America*,
    234 F.23d 92, 105 (2d Cir. 2000)............................................................................7

*Levin v. McPhee*,
    119 F.3d 189 (2d Cir. 1997).....................................................................................4

*Penn Warranty Corp. v. DiGiovanni*,
    10 Misc.3d 998 (Sup. Ct. N.Y. Cty. 2005) .............................................................3

*St. Amant v. Thompson,*
   390 U.S. 727 (1968) ...........................................................................................4

*Sweeney v. Prisoners' Legal Services of New York, Inc.,*
   84 N.Y.2d 786 (1995) ......................................................................................4

*Time, Inc. v. Hill,*
   385 U.S. 374 (1967) ..........................................................................................6

**CONSTITUTIONS**

New York Constitution ..................................................................................................4

**STATE STATUTES**

N.Y. Civil Rights Law
   § 51 ...............................................................................................................5-6
   §§ 50 and 51 ....................................................................................................6

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................1

Fed. R. Civ. Proc. 41(b) ...............................................................................................1

**MISCELLANEOUS AUTHORITIES**

Restatement (2d) of Torts ..............................................................................................5

Restatement (2d) of Torts, § 652E ................................................................................6

Defendant NEW YORK STATE SENATOR KEVIN S. PARKER ("Senator Parker"), through his attorney, LETITIA JAMES, Attorney General of the State of New York, submits this reply memorandum in further support of his motion (ECF No. 110) to dismiss the Amended Verified Complaint (ECF No. 100, "Amended Complaint" or "Am. Compl.") pursuant to Fed. R. Civ. P. 12(b)(6). More specifically, it is submitted in response to Plaintiff's Memorandum of Law in Opposition to that motion (ECF No. 122, "Pl. Mem.").

In opposition to the instant motion and to the simultaneous motions to dismiss the Amended Complaint by all the other Defendants, Plaintiff not only continues the practice of ignoring the 25-page limit mandated for Memoranda of Law on motions in this Court's Individual Practices and Procedures, ¶ V(D), but also disregards the express direction of the Court in its Endorsed Order dated July 6, 2020 (ECF No. 118), that in opposing the defendants' various motions to dismiss the Amended Complaint, her counsel has "a total of 50 pages." Plaintiff's counsel has rather filed memoranda of law in excess of 25 pages in opposition to every one of the five pending motions to dismiss (for a total of 192 pages), including Senator Parker's motion, and has even included additional argument in declarations and exhibits in each one. (ECF Nos. 119-128). The opposition brief in response to Senator Parker's motion may be stricken for that reason alone. Individual Practices and Procedures ¶ V(D); Fed. R. Civ. Proc. 41(b). In any event and as demonstrated herein, Plaintiff's flagrant violation of the Court's directions notwithstanding, this excessive briefing provides no support for Plaintiff's purported claim against Senator Parker.

## ARGUMENT

## I.   SENATOR PARKER'S STATEMENTS QUOTED IN THE AMSTERDAM NEWS WERE NON-ACTIONABLE OPINION

Nothing in Plaintiff's opposition papers rebut the essential fact that her claim against Senator Parker is premised entirely on the Senator's reaction to and opinion about reported facts

regarding Plaintiff's controversial classroom performance. Specifically, Plaintiff's claims against Senator Parker are predicated upon the following statements that were quoted in the New York Amsterdam News of February 9, 2018:[1]

> • *"Like many others, I am completely outraged to by the actions of Bronx Middle School* 118 *teacher, Patricia Cummings," said State Sen. Kevin Parker. "I call for her swift removal from the New York City Department of Education, and the revocation of all New York State licensures and credentials that would allow her to teach in our State."*

> • *Parker continued, "Although I hear some calling for a second chance for Ms. Cummings via culturally competent training and the like, as an African studies professor at the City University of New York for over 20 years now, I know there is no level of training that can make a person more sensitive to the struggles of another. Those feelings cannot be prepared in one's mind, but rather must be intrinsic to one's character. This is not the case for Ms. Cummings and it is my hope we can learn for this deplorable act to inform future decisions and best practices when deciding who will be afforded the honor of teaching our children."*

Declaration of John M. Schwartz dated June 25, 2020 (ECF No. 112, "Schwartz Decl."), Ex. A at 2; Compl. ¶ 108; Am. Compl. ¶ 157. These statements, together with the article in which they were quoted and the context of their quotation, as alleged in the Amended Complaint and confirmed in additional materials submitted by Plaintiff, demonstrate that her opposition to Senator Parker's motion to dismiss the Amended Complaint supplies no more justification for overturning this Court's February 24, 2020 dismissal of her defamation claim against Senator Parker (ECF No. 94), 2020 WL 882335 (S.D.N.Y. Feb. 24, 2020) ("2/24/20 Order") than did the Amended Complaint. In Plaintiff's rambling and prolix 30-page Memorandum of Law in Opposition, her additional inappropriate argumentation in her counsel's Declaration, Declaration of Thomas F. Liotti dated August 20, 2020 (ECF No. 121, "Liotti Decl."), and yet more argument in a lawyer-created exhibit,

---

[1] The quoted words of Senator Parker that were published in the New York Amsterdam News and upon which Plaintiff bases her claim against him were, due to technological difficulties, partly garbled in his moving Memorandum of Law (ECF No. 111), at 4.

2

Liotti Decl. Ex. D (ECF No. 121-4), four principal themes can be identified, none of which have merit or are sufficient to salvage Plaintiff's claim: (1) that Senator Parker reported as facts the events of Plaintiff's January 9, 2018, lesson on the Middle Passage, as described in the Amsterdam News article in which he was quoted, and they were factually incorrect, Pl. Mem. at 3-5, 7, 16-17, 20; (2) that as a public official, Senator Parker is a "thought leader" whose words are accepted as facts and he should therefore be held to a higher standard than others, including a duty to investigate and verify the facts on which his comments are based, *id.* at 2-4, 5-6; (3) that Plaintiff was fired because of Senator Parker's quoted statements, *id.* at 4-5, 18; and (4) that his statements about Plaintiff and her lesson are "ironic," in light of the Senator's alleged history of emotional and sometimes physical confrontations, *id.* at 3-4 fn. 1.

Plaintiff's attempt to impose on Senator Parker the responsibility for the description of Plaintiff's controversial lesson that appeared in the Amsterdam News article in which he was quoted, Schwartz Decl. Ex. A, even includes a blatantly false attribution to the Senator of language from the article that is not contained in his quoted statements, Pl. Mem. at 3, a clear violation of the rule that "only the words alleged in the complaint as constituting the libel may be considered by the court as the actionable language." *Penn Warranty Corp. v. DiGiovanni*, 10 Misc.3d 998, 1002 (Sup. Ct. N.Y. Cty. 2005). The text of the article itself contradicts Plaintiff's forced misreading, however. Not only is it clear that the only part of the article attributable to the Senator is his own quoted statements, but the author of the article was careful to qualify the descriptions of Plaintiff's lesson as "allegedly" and "reportedly." Schwartz Decl. Ex. A at 1-2. As this Court concluded in its 2/24/20 Order, Senator Parker's statements were "clearly an expression of opinion" and "a reaction to . . . the 'reported' and 'alleged' facts concerning Plaintiff's lesson about the Middle Passage." 2/24/20 Order, 2020 WL 882335 at *26, ECF No. 94 at 51. The dictum in

*Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, 194 F.Supp.3d 263, 281 (S.D.N.Y. 2016), cited in Pl. Mem. at 19 as part of Plaintiff's argument that opinions may be defamatory if based on false facts, does not support a contrary conclusion. As Judge Nathan recently explained, the idea of "defamatory opinion" in *Enigma Software*, "drawn from a 1983 Court of Appeals decision, is in tension with subsequent Court of Appeals decisions, which held that 'if a statement of opinion either discloses the facts on which it is based or does not imply the existence of undisclosed facts, the opinion is not actionable.'" *Hayashi v. Ozawa*, No. 17 CV 2558, 2019 WL 1409389, at *4 (S.D.N.Y. March 28, 2019) (quoting *Levin v. McPhee*, 119 F.3d 189, 197 (2d Cir. 1997); *see also Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 178 (2d Cir. 2000) ("expressions of 'pure' opinion receive absolute constitutional protection under the New York Constitution," citing *Immuno AG v. Moor-Jankowski*, 77 N.Y.2d 235 (1991)).

Plaintiff contends that as an elected official and "thought leader" of his community, Senator Parker has a special obligation to investigate and verify the facts on which his opinions are based. Pl. Mem. at 2, 5. There is no such rule and "failure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard." *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989); *accord St. Amant v. Thompson*, 390 U.S. 727, 733 (1968); *see also Sweeney v. Prisoners' Legal Services of New York, Inc.*, 84 N.Y.2d 786, 793 (1995) (defendants' failure to investigate insufficient to show actual malice in defamation action); *Crucey v. Jackall*, 275 A.D.2d 258, 265 (1st Dep't 2000) (Saxe, J., concurring) (complaint dismissed; "the writer had no obligation to investigate the accuracy of the source's information"). The suggestion that election to office confers widespread credibility strains the plausibility requirement of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in today's world of intense partisanship and "alternative facts." Plaintiff's speculation that some constituents are guided by

Senator Parker's words can be met with an equally supportable speculation that many distrust him as a "politician." *See also* Senator Parker's Memorandum of Law in Support of this motion (ECF No. 111, "Parker Moving Mem.") at 11-12.

The plausibility standard of *Iqbal* is also strained by Plaintiff's assertion, for the first time in opposition to this motion, that Senator Parker's statements in the Amsterdam News caused the termination of her employment with the New York City Department of Education ("NYCDOE"). Pl. Mem. 4-5, 18. Nothing in the Amended Complaint, or in the record, supports such a contention. Indeed, documents submitted on this motion point to numerous other possible events that could have influenced Plaintiff's employment, including the NYCDOE Office of Special Investigations Investigative Report dated July 24, 2018 (ECF No. 121-1).

Plaintiff's only response to the discussion in Senator Parker's moving papers of her attempted attack on the Senator's character, *see* Parker Moving Mem. at 9-11, is to move these contentions to a footnote, Pl. Mem. at 3-4 fn. 1, and otherwise to ignore the issue.  As demonstrated in Senator Parker's moving brief, evidence of the Senator's alleged confrontations with colleagues and others would be inadmissible and cannot be the basis of Plaintiff's claim. *See* Parker Moving Mem. at 9-11.

Plaintiff also persists in her attempt to inject a "false light" claim into this action, although she concedes that there is no such tort in New York common law. Pl. Mem. at 21. Instead, she tries to drag such a claim out of the protection from commercial invasion of privacy offered by N.Y. Civil Rights L. § 51, without any authority, Pl. Mem at 21-22, and cites "false light" discussions in the Restatement (2d) of Torts and *Cantrell v. Forest City Publishing Company*, 419 U.S. 245 (1974). Pl. Mem. at 22. Her tentative conclusion is that "if a false light claim under the Restatement rubric is recognized in New York, plaintiff has more than stated a claim under it." Pl. Mem. at 22.

But New York does <u>not</u> recognize a "false light" claim "under the Restatement rubric," unlike some other states, and whatever "privacy-related" rights are enforceable in New York arise from N.Y. Civil Rights Law §§ 50 and 51. *Howell v. New York Post Co*., 81 N.Y.2d 115, 123 (1993); *cf. Cantrell,* which arose under <u>Ohio</u> common law, 419 U.S. at 248 fn. 2. Whether considered under Civil Rights Law § 51 or the Restatement, no such claim can exist without a showing that the defendant published the report with knowledge of its falsity or in reckless disregard of the truth. *Compare Time, Inc. v. Hill*, 385 U.S. 374, 387 (1967) *with* Restatement (2d) of Torts, §652E, quoted in Pl. Mem. at 22.  No allegations in the Amended Complaint or the record herein plausibly support a charge that Senator Parker either had access to facts that would contradict the description of events in the Amsterdam News article or that he recklessly disregarded the truth in expressing his opinions concerning the "alleged" and "reported" facts reported therein.

As demonstrated above, the qualified description of facts in the article was not Senator Parker's. Notwithstanding Plaintiff's misguided effort to distinguish between "reactions" and "opinions," Pl. Mem. at 20, the Senator's reactions to the description, both emotional and analytical, were as much the expression of opinions as are our praise or criticism of a popular singer or a political candidate's proposed policy. Plaintiff's defamation and putative false light claims against Senator Parker should be dismissed.

## II.   SENATOR PARKER'S ALLEGED STATEMENTS WERE CONSTITUTIONALLY PROTECTED AS RELATED TO A MATTER OF POLITICAL, SOCIAL, OR OTHER CONCERN TO THE COMMUNITY

The failure of Plaintiff's alleged facts to support her broad legal conclusions that Senator Parker "'knowingly' and intentionally made false statements," Pl. Mem. at 29, also means that even if the Senator's statements were not considered to be opinions, her claim against him must fail under the *Iqbal-Twombly* standard of pleading that guides this Court. Plaintiff argues at length

that she is a private figure, rather than a public official or public person, Pl. Mem. at 24-26, and concedes that in *Gertz v. Robert Welch, Inc.,* 418 U.S. 323 (1974), the Supreme Court held that "'the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual.'" Pl. Mem. at 26, quoting *Gertz*, 418 U.S. at 347. She then ignores, however, New York's acceptance of that responsibility in articulating a rule that where the plaintiff is a private figure, "where the content of the article is arguably within the sphere of legitimate public concern," the plaintiff may recover only if he or she can establish by a preponderance of the evidence that "the publisher acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties." *Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196, 199 (1975). Thus, New York has superimposed its own test "in order to increase the defendants' protection or to harmonize the protection available to defendants in public-plaintiff suits with that available to defendants in private plaintiff suits." *Konikoff v. Prudential Ins. Co. of America*, 234 F.23d 92, 105 (2d Cir. 2000). *See also* Parker Moving Mem. at 12-17.

The furor that erupted after Plaintiff's Middle Passage lesson was unquestionably a matter of legitimate public concern and there is nothing in the Amended Complaint or the record to support Plaintiff's conclusory assertions against Senator Parker. Plaintiff's claim must therefore fail, even if Senator Parker's statements were not non-actionable opinions.

## CONCLUSION

For the reasons set forth herein and in Senator Parker's moving brief, judgment should be entered dismissing the Amended Complaint as against Senator Parker, with prejudice and without fees or costs.

Dated: New York, New York
      September 22, 2020

                Respectfully submitted,

                LETITIA JAMES
                Attorney General
                State of New York
                Attorney for Defendant Kevin S. Parker
                By:

                _John M. Schwartz_
                John M. Schwartz
                Special Litigation Counsel
                28 Liberty Street
                New York, NY 10005
                (212) 416-8559
                John.Schwartz@ag.ny.gov