19 Civ. 07723 (CM) (OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA CUMMINGS,

Plaintiff,

- against -

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; GIULIA COX; COURTNEY WARE; BEN CHAPMAN; NEW YORK DAILY NEWS; DR. ANDRE PERRY; THE HECHINGER REPORT a/k/a HECHINGER INSTITUTE ON EDUCATION AND THE MEDIA; LENARD LARRY McKELVEY a/k/a *CHARLAMAGNE THA GOD*; WWPR-FM (105.1 MHZ); iHEARTMEDIA; CLEAR CHANNEL COMMUNICATIONS, INC.; NEW YORK STATE SENATOR, KEVIN S. PARKER; COALITION OF EDUCATIONAL JUSTICE; ANGEL MARTINEZ; NATASHA CAPERS, PHILIP SCOTT; ADVISE MEDIA NETWORK n/k/a AFRICA DISPORA NEWS CHNNEL, and "JOHN DOE AND JANE DOE #1-100" said names being fictitious, it being the intent of Plaintiff to designate any and all individuals, officers, members, agents, servants, and/or employees of the aforementioned agencies owing a duty of care to Plaintiff, individually and jointly and severally,

Defendants.

### DOE DEFENDANTS AND CITY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, New York City Department of Education, Guilia Cox, and Courtney Ware*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Aliza J. Balog*
*Tel: (212)356-1104*
*Matter No.* 2018-080725

# **TABLE OF CONTENTS**

**PAGE**

**ARGUMENT** ............................................................................................................... 1

    **POINT I** ................................................................................................................ 1

        **THE FAC VIOLATES THE COURT'S MAY 28 ORDER PERMITTING PLAINTIFF TO FIX A TYPO AND RE-FILE THE AMENDED COMPLAINT.** ............................................................................ 1

    **POINT II** .............................................................................................................. 1

        **DOCUMENTS ATTACHED TO PLAINTIFF'S ATTORNEY'S AFFIDAVIT ARE IMPROPER.** ................................. 1

    **POINT III** ............................................................................................................. 2

        **PLAINTIFF'S CONSTITUTIONAL LAW CLAIMS FAIL.** ............................................................................... 2

        A.   **PLAINTIFF'S DUE PROCESS CLAIMS FAIL** ................................................................................ 2

        B.   **PLAINTIFF'S EQUAL PROTECTION AND TITLE VII CLAIMS SHOULD BE DISMISSED** ..................................................... 3

        C.   **NO PRIVATE RIGHT OF ACTION UNDER §1981** .................................................................. 5

        D.   **NO §1985 CLAIM** ................................................................................ 5

        E.   **NO *MONELL* CLAIM** .......................................................................... 5

    **POINT IV** ............................................................................................................. 6

        **PLAINTIFF'S STATE LAW CLAIMS FAIL.** ................................................ 6

        A.   **FAILURE TO FILE A TIMELY NOTICE OF CLAIM** ................................................................... 6

        B.   **NO TORT CLAIMS** ................................................................................ 7

        1.   **Plaintiff's Fraud Claim Should Be Dismissed** .............................. 7

        2.   **Plaintiff's IIED, NIED and Negligence Claims Fail** ........................................................................ 8

**POINT V** ............................................................................................................... 9

        **THE CITY OF NEW YORK IS NOT THE
    PROPER PARTY.** ...................................................................................... 9

**CONCLUSION** ............................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Coe v. Town of Conklin*,
   94 A.D.3d 1197 (3d Dep't 2012) ............................................................................................7

*Cummings v. City of New York*,
   19 Civ. 07723 (CM), 2020 U.S. Dist. LEXIS 31572 (S.D.N.Y. Feb. 24, 2020) ...........2, 3, 4, 8

*Davis v. City of New York*,
   250 A.D.2d 368 (1st Dep't 1998) ............................................................................................7

*Martinez v. City of Schenectady*,
   97 N.Y.2d 78 (2001) ................................................................................................................2

*Monell v. Dep't of Sc. Servs.*,
   436 U.S. 658 (1978) .............................................................................................................5, 6

*Moore v. City of N.Y.*,
   08 Civ. 8879 (PGG), 2010 U.S. Dist. LEXIS 19183 (S.D.N.Y. Mar. 1, 2010) ........................6

*Pierson v. City of New York*,
   56 N.Y.2d 950 (1982) ..............................................................................................................7

*Spano v. Cnty. of Onondaga*,
   170 A.D.2d 974, 565 N.Y.S.2d 665 (4th Dep't 1991) ..............................................................6

*White v. Andy Frain Servs.*,
   629 F. App'x 131 (2d Cir. 2015) .............................................................................................4

*Whitfield-Ortiz v. Dep't of Educ. Of the City of N.Y.*,
   116 A.D.3d 580 (1st Dep't 2014) ............................................................................................4

**Statutes**

42 U.S.C. 2000e, *et seq*, ...........................................................................................................2, 3, 4, 5

42 U.S.C. §1981 .............................................................................................................................5, 6

42 U.S.C. §1983 ................................................................................................................................6

42 U.S.C. § 1985 ...............................................................................................................................5

N.Y. Ed. Law § 3813(1) ....................................................................................................................6

N.Y. Educ. Law § 3813(2-b) .............................................................................................................7

N.Y. Gen. Mun. Law § 50-i .................................................................................................... 7

N.Y. Gen. Mun. Law §§ 50-e, 50-i ......................................................................................... 6

New York City Human Rights Law ........................................................................................ 4

New York State Human Rights Law ...................................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 9(b) ................................................................................................................. 8

N.Y. C.P.L.R. Art. 78 ............................................................................................................. 3

U.S. Const. Amend. V ............................................................................................................ 2

U.S. Const. Amend XIV ........................................................................................................ 2

## ARGUMENT

### POINT I

**THE FAC VIOLATES THE COURT'S MAY 28 ORDER PERMITTING PLAINTIFF TO FIX A TYPO AND RE-FILE THE AMENDED COMPLAINT.**

The FAC does not comply with the Court's May 26, 2020 order, granting plaintiff's motion for leave to re-file the Amended Complaint in order to fix a "typographical error" with regard to one of the defendants. Rather, plaintiff made numerous changes to paragraphs in the complaint, for which no leave of Court was sought. *See* Def. Mem. at 10. Notably, in opposition, plaintiff does not contend that she had the Court's permission to make these additional changes, but rather that the FAC should nevertheless be considered on its merits. *See* Pl. Mem. at 18-20. It need only be added that plaintiff's 47 page opposition to the DOE Defendants and City's motion flouts the Court's July 7, 2020 order granting plaintiff "a total of 50 pages" to respond to all motions. Regardless, the FAC should be dismissed in its entirety.

### POINT II

**DOCUMENTS ATTACHED TO PLAINTIFF'S ATTORNEY'S AFFIDAVIT ARE IMPROPER.**

In opposition, plaintiff's attorney submits a declaration that improperly seeks to put several documents before the Court. In particular, plaintiff proffers her response sent to a DOE superintendent, unmentioned in the FAC, and which merely contains her own subjective beliefs (*see* Liotti Decl. Ex. B), a timeline plaintiff has seemingly created (Ex. C), an American Arbitration award that was not mentioned in the FAC (Ex. D), and a totally irrelevant FOIL request (Ex. E), also absent from the FAC. That notwithstanding, for the reasons set forth below, the DOE Defendants and City's motion to dismiss should be granted in its entirety.

## POINT III

### PLAINTIFF'S CONSTITUTIONAL LAW CLAIMS FAIL.

In opposition, plaintiff advances the same arguments already rejected by this Court, namely that the actions of the defendants violated her rights under the Fourteenth and Fifth Amendments to the Constitution. *See* Pl. Mem. at 20-39. For the reasons set forth by the Court in its February 24, 2020 Decision and Order dismissing plaintiff's original complaint, *see Cummings v. City of New York*, 19 Civ. 07723 (CM) (OTW), 2020 U.S. Dist. LEXIS 31572 (S.D.N.Y. Feb. 24, 2020), plaintiff's constitutional law and Title VII claims asserted in the FAC fail.[1] *See also* Def. Mem. at 11-19.

### A.  PLAINTIFF'S DUE PROCESS CLAIMS FAIL

Plaintiff has not been deprived of either a property interest or a liberty interest. *See* Def. Mem. at 11-14. Plaintiff, a probationary teacher, argues that she has been deprived of a property interest because the DOE did not comply with certain Chancellors Regulations and the contract between the UFT and DOE. *See* Pl. Mem. at 20-22. In ruling on the City and DOE Defendants' original motion to dismiss, this Court already rejected this argument and held that plaintiff has no property interest in the DOE's policy and procedures. *See Cummings v. City of N.Y.,* No. 19-cv-7723 (CM)(OTW), 2020 U.S. Dist. LEXIS 31572, at *28-29 (S.D.N.Y. Feb. 24, 2020) (holding that "Plaintiff had no property interest in having the allegations against her investigated in any particular way or the DOE using any specific procedures.").

---

[1] The claims brought pursuant to the New York State Constitution should be dismissed for the additional reason that there is no private right of action where an alternative avenue of redress, namely federal constitutional claims, could be available to plaintiffs. *See Martinez v. City of Schenectady*, 97 N.Y.2d 78, 83 (2001).

2

Plaintiff has also not been deprived of a liberty interest without due process. As an initial matter, the availability of an Article 78 proceeding alone ends plaintiff's ability to bring a claim that she was deprived of a liberty interest without due process. *See Cummings*, 2020 U.S. Dist. LEXIS 31572 at *32. Although plaintiff summarily claims that an Article 78 proceeding was not available to her, *see* Pl. Mem. at 27, she provides no factual allegations to support this claim, let alone any case law. Moreover, plaintiff still does not "plead any facts alleging the publication by the [City or DOE Defendants] of an arguably false statement injurious to her reputation made in close temporal proximity of her termination." *Cummings*, 2020 U.S. Dist. LEXIS 31572 at *30-31. Indeed, the only statement that plaintiff alleges was made by the DOE to the public even close in time to the termination of her employment is that on September 28, 2018, a DOE spokesperson told the *Daily News* that the DOE had "begun the process of firing Ms. Cummings based upon an investigation of this unacceptable behavior and her performance as an educator." FAC ¶ 180. The Court deemed this exact statement in the original complaint, to be inadequate because it "is not false." *Cummings*, 2020 U.S. Dist. LEXIS 31572 at *31. Accordingly, the Court should dismiss her claim that she was deprived of a liberty interest without due process.

**B.  PLAINTIFF'S EQUAL PROTECTION AND TITLE VII CLAIMS SHOULD BE DISMISSED**

Plaintiff's conclusory Equal Protection Clause and Title VII race discrimination claims fail because she has not pleaded a plausible inference of race discrimination. This Court dismissed plaintiff's original equal protection claim because she "plead[] nothing more than conclusory allegations that d[id] not give rise to a plausible inference that she was treated differently than a black teacher who did the same thing." *Cummings*, 2020 U.S. Dist. LEXIS 31572 at *33. Moreover, "[e]qually fatal to her claim [was] that nowhere in her Complaint ha[d]

3

Plaintiff set forth any allegations, as she must, from which one could adduce that there were non-Caucasian employees who were treated better than her, let alone that they were 'similarly situated.'" *Id.* at *34. That same reasoning applies to dismissal of plaintiff's equal protection and Title VII claims in her FAC. *See* Def. Mem. at 14-15. In her opposition, plaintiff does not even attempt to claim that the FAC contains any allegations from which one could adduce that there were non-Caucasian employees who were treated better than her, let alone that they were "similarly situated." Plaintiff also repeats the same baseless assertion from her prior opposition that defendants argue Caucasians cannot be the subject of discrimination. *See* Pl. Mem. at 28. No rational reading of defendants' memorandum supports that interpretation. The DOE Defendants and City have never made that argument.

Her remaining arguments are equally nonsensical. Although plaintiff notes that "teachers are protected against . . . discrimination by the New York State Human Rights Law, New York City Human Rights Law (if you live in New York City) . . . " *see* Pl. Mem. at 28, the FAC neither mentions these statutes, nor asserts claims under them. Even if plaintiff had asserted claims pursuant to these statutes, and she does not, they would fail for similar reasons as her Equal Protection Clause and Title VII discrimination claims. *See White v. Andy Frain Servs.*, 629 F. App'x 131, 133 (2d Cir. 2015) (evaluating Title VII and NYSHR claim under the same standards); *Whitfield-Ortiz v. Dep't of Educ. Of the City of N.Y.*, 116 A.D.3d 580, 581 (1st Dep't 2014) (dismissing CHRL claim where plaintiff had not alleged an adverse employment action or where other similarly situated individuals who did not share protected characteristics "were treated more favorably"). Finally, because plaintiff is unable to plead a plausible discrimination claim, she has continued, without citation to any source, to attempt to malign defendant Cox and claim that she was somehow forced to resign as a principal after plaintiff brought this action for

4

some unidentified reason. Not only is plaintiff's allegation about why defendant Cox decided to retire from the DOE at the end of the 2018-19 school year a fabrication, but it is irrelevant. It need only be added that plaintiff fails to rebut the fact that dismissal against these individual defendants is warranted because it is well established that Title VII does not provide for individual liability. *See* Def. Mem. at 15.

C. **NO PRIVATE RIGHT OF ACTION UNDER §1981**

As set forth in defendants' moving memorandum of law, plaintiff's § 1981 claim should be dismissed because § 1981 does not provide a separate right of action against state actors. In response, plaintiff cites a Third Circuit case, which reached the same conclusion as the Second Circuit case cited by defendants, and which rejected the plaintiff's § 1981 claim against the City of Philadelphia. *See* Pl. Mem. at 30.

D. **NO §1985 CLAIM**

Entirely absent from plaintiff's opposition is any defense of her 42 U.S.C. § 1985 claim. Thus, plaintiff implicitly concedes that this claim should be dismissed for the reasons set forth in defendants' moving memorandum of law. *See* Def. Mem. at 16-17.

E. **NO *MONELL* CLAIM**

Plaintiff devotes nearly nine pages of her opposition to her *Monell* claim. *See* Pl. Mem. at 30-39. As with her prior opposition, curiously absent from these pages is any citation to any case beyond an initial citation to *Monell*. *See* Pl. Mem. at 30. Significantly, plaintiff has alleged neither a policy nor a practice. To wit, plaintiff makes clear that she is the only non-tenured teacher for whom this "pattern" applied as all nine pages air her grievances as to employment decisions concerning her. The law, however, is clear as plaintiff cannot establish that any discrete employment decision made as to her supports in any way a finding of municipal

5

liability. *See* Def. Mem. at 19. Indeed, plaintiff primarily complains about Principal Cox's conduct and argues that she did not adhere to certain Chancellor's Regulations or provisions of the contract between the UFT and DOE. Even if this were true, plaintiff's §1981 and §1983 claims against the City and DOE would still fail as there is no *respondeat superior* liability under these statutes. *See Monell v. Dep't of Sc. Servs.*, 436 U.S. 658, 694 (1978). Significantly, Principal Cox was not a final policymaker for the DOE and plaintiff cites no authority suggesting she had such power. *See Moore v. City of N.Y.*, 08 Civ. 8879 (PGG), 2010 U.S. Dist. LEXIS 19183 at *18-19 (S.D.N.Y. Mar. 1, 2010) (holding that Superintendent, Principal and Vice Principal were not final policymakers for the DOE). Accordingly, her §1981 and §1983 claims against the DOE and the City should be dismissed.

## POINT IV

## PLAINTIFF'S STATE LAW CLAIMS FAIL.

**A.     FAILURE TO FILE A TIMELY NOTICE OF CLAIM**

All of plaintiff's state law claims asserted against the DOE Defendants and all of the tort claims asserted against the City that accrued before July 3, 2018, 90 days before the Comptroller's office received her notice of claim on October 3, 2018, are barred. *See* N.Y. Ed. Law § 3813(1); N.Y. Gen. Mun. Law §§ 50-e, 50-i. In addition, as plaintiff's employment was not terminated until *after* she filed her notice of claim and plaintiff did not file another or amended notice of claim within 90 days after her termination, claims concerning her termination are also time-barred. *Spano v. Cnty. of Onondaga*, 170 A.D.2d 974, 565 N.Y.S.2d 665, 666 (4th Dep't 1991). Even if plaintiff had filed a timely notice of claim, it would still not be sufficient to support her fraud claim against the City or DOE Defendants as there is no mention of a fraud claim against the City or DOE Defendants in the notice of claim.

Significantly, plaintiff does not dispute any of the arguments put forth by defendants. *See* Pl. Mem. at 39-42. Instead, she argues that she should be permitted to file a late notice of claim because "even if, assuming *arguendo*, the Court were to consider the date of the suture removal on December 15, 2016, as the accrual date, only thirteen (13) days would have elapsed prior to the date the Notice of Claim was filed on March 28, 2017." *See* Pl. Mem. at 41. This case, of course, does not involve any allegations of a suture removal. It need only be added that it now too late to file a motion for a late notice of claim against the defendants as to her state claims. A motion can only be made *before* the expiration of the statute of limitations. *See Pierson v. City of New York*, 56 N.Y.2d 950 (1982); *Davis v. City of New York*, 250 A.D.2d 368, 369-70 (1st Dep't 1998). All of plaintiff's state law claims accrued more than a year and ninety days before plaintiff even filed her opposition to the motion to dismiss the FAC. *See Coe v. Town of Conklin*, 94 A.D.3d 1197, 1198 (3d Dep't 2012); N.Y. Educ. Law § 3813(2-b); N.Y. Gen. Mun. Law § 50-i. It goes without saying, that plaintiff provides no explanation for her further delay in seeking leave to file a late notice of claim when the DOE Defendants and City pointed out the failure to file a proper notice of claim in their moving memorandum of law, which was served on plaintiff over a year ago on July 1, 2019.

**B.     NO TORT CLAIMS**

Even if plaintiff had filed a timely notice of claim, all of her tort claims should still be dismissed as she has failed to plead any plausible tort claims.

### 1. Plaintiff's Fraud Claim Should Be Dismissed

In ruling on the City and DOE Defendants' motion to dismiss the original complaint, this Court dismissed plaintiff's fraud claim because "[t]he Complaint does not plead the elements of a fraud claim and comes nowhere close to the level of particularity demanded by

7

Rule 9(b)." *Cummings*, 2020 U.S. Dist. LEXIS 31572 at *38. Significantly, the Court found that "[p]laintiff has not identified a single false statement that was made to her on which she relied. Instead she complains that defendant Cox made a false statement to OSI investigators. That allegation does not give rise to a fraud against Plaintiff." *Id*. Plaintiff's FAC does not cure any of the defects as plaintiff still fails to plead with particularity any false statement that was made to her by any of the City or DOE Defendants upon which she actually relied. *See* Def. Mem. at 20. Indeed, in her opposition, plaintiff continues to complain that defendant Cox made false statements to the OSI investigators, *see* Pl. Mem. at 43, and now submits her disagreement with defendant Cox's assessment of her work as the basis of her fraud claim. This is not sufficient. Not surprisingly, plaintiff continues to not identify a single case that would support her theory. Accordingly, plaintiff's fraud claim should be dismissed.

        **2.**      <u>**Plaintiff's IIED, NIED and Negligence Claims Fail**</u>

Plaintiff's IIED, NIED and negligence claims should be dismissed for the reasons set forth in defendant's initial memorandum of law. *See* Def. Mem. at 20-23. In her opposition, plaintiff appears to have withdrawn her NIED claim. *See* Pl. Mem. at 44. Plaintiff also uses quotes around an argument that the City and DOE Defendants purportedly made. Pl. Mem. at 43. No such language can be found in defendants' memorandum of law. Regardless, plaintiff does not, and cannot, cite to any case holding that an IIED claim can be sustained against a government body. Indeed, plaintiff cites cases that reject this conclusion. *See* Pl. Mem. at 44 (citing *Lauer v. City of N.Y.*, 240 A.D.2d 543, 543, 659 N.Y.S.2d 57, 57 (2nd Dep't 1997) ("it is well settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity") and *Wheeler v. State of N.Y.*, 104 A.D.2d 496, 498, 479 N.Y.S.2d

8

244, 247 (2d Dep't 1984) (holding that "public policy prohibits recovery against the State" on claims for intentional inflection of emotional distress)).

Even if plaintiff's IIED, NIED and negligence claims are not otherwise barred for failure to file a timely notice of claim, or because they cannot be asserted against a government body, they should still be dismissed as plaintiff fails to plead allegations of extreme and outrageous conduct, a causal connection between the conduct and plaintiff's alleged injury, severe emotional distress, intent to cause that distress, or that the City and DOE Defendants owed the plaintiff a "special duty." *See* Def. Mem. at 20-23. In her opposition, plaintiff does not cite any case law that would support her argument that the defendants owed her a special duty under the facts alleged in this case. Indeed, courts have consistently held that an employer does not owe a special duty to an employee. *See* Def. Mem. at 22-23 (citing cases). Finally, plaintiff cannot convert her employment claims into a claim for negligence or wrongful discharge. *See Id.* Accordingly, plaintiff's IIED, NIED, and negligence claims should be dismissed.

## POINT V

### THE CITY OF NEW YORK IS NOT THE PROPER PARTY.

All of plaintiff's claims concern her employment by the DOE. Thus, these claims asserted against the City of New York should be dismissed because the City and DOE are separate legal entities and the City is not liable for the actions of the DOE or its employees. *See* Def. Mem. at 23. Plaintiff asserts, without citation to any law, that the changes in the structure of the DOE altered this conclusion. *See* Pl. Mem. at 46. This ignores the ruling from New York's Appellate Division cited in defendants' initial memorandum of law that the changes in structure did no such thing, and which decision has been relied upon by numerous courts, including this Court. *See* Def. Mem. at 23. Thus, at a minimum, the City must be dismissed.

9

**CONCLUSION**

For the foregoing additional reasons, the Court should dismiss the FAC as against the DOE Defendants and City, and grant such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	September 22, 2020

                              **JAMES E. JOHNSON**
Corporation Counsel of the
  City of New York
Attorney for DOE Defendants & City
100 Church Street, 2nd Floor
New York, New York 10007
(212) 356-1104
abalog@law.nyc.gov


By:   /s/ Aliza J. Balog
        Aliza J. Balog
        Assistant Corporation Counsel

10