UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICIA CUMMINGS,

                    Plaintiff,

          - against -

THE CITY OF NEW YORK, *et al.*,

                    Defendants.

Index No.: 19-CV-7723-CM

 

**DEFENDANTS ANDRE PERRY AND HECHINGER INSTITUTE'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>THEIR MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 2

    I.    PLAINTIFF'S REQUEST FOR RECONSIDERATION SHOULD BE
        DENIED ..................................................................................................................... 2

        A.    The Plaintiff's Request For Reconsideration
               Is Procedurally Improper ................................................................. 2

        B.    The Court Properly Dismissed Plaintiff's Complaint
               On The Basis That Dr. Perry's Statements Are Nonactionable Opinion......... 3

        C.    Plaintiff's Claims May Be Dismissed On Additional Grounds
               Not Considered By The Court .......................................................... 6

    II.    PLAINTIFF HAS NOT PROPERLY STATED A CLAIM FOR
        "FALSE LIGHT" OR VIOLATION OF N.Y. CIV. RIGHTS LAW § 51 ............... 7

CONCLUSION......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bellezza v. Holland,*
    09-CV-8434, 2011 U.S. Dist. LEXIS 76030
    (S.D.N.Y. July 11, 2011) ..................................................................................................2

*Biro v. Conde Nast,*
    963 F. Supp. 2d 255 (S.D.N.Y. 2013)..............................................................................7

*Brian v. Richardson,*
    87 N.Y.2d 46 (1995) ........................................................................................................3

*Celle v. Filipino Reporter Enterprises Inc.,*
    209 F.3d 163 (2d Cir. 2000).............................................................................................3

*Chau v. Lewis,*
    771 F.3d 118 (2d Cir. 2014).............................................................................................3

*Davis v. Boheim,*
    22 N.E.3d 999 (N.Y. 2014)..............................................................................................3

*Duane Reade Inc. v. Local 338,*
    6 Misc. 3d 790 (Sup. Ct., N.Y. County 2004) ..............................................................6, 7

*Hollander v. Pressreader, Inc.,*
    19-CV-2130, 2020 U.S. Dist. LEXIS 95591
    S.D.N.Y. May 30, 2020) ..................................................................................................8

*Immuno AG. v. Moor–Jankowski,*
    77 N.Y.2d 235 (1991) ......................................................................................................3

*Jewell v. NYP Holdings, Inc.,*
    23 F. Supp. 2d 348 (S.D.N.Y. 1998)..............................................................................3, 6

*Lerman v. Chickleberry Publ'g Inc.,*
    521 F. Supp. 228 (S.D.N.Y. 1981) ..................................................................................6

*Matthews v. Malkus,*
    377 F. Supp. 2d 350 (S.D.N.Y. 2005)..............................................................................8

*Ratajack v. Brester Fire Dep't, Inc.,*
    178 F. Supp. 3d 118 (S.D.N.Y. 2016)..............................................................................5

*Rivera v. NYP Holdings, Inc.*,
   114858/2006, 2007 N.Y. Misc. LEXIS 5684
   (Sup. Ct., N.Y. County Aug. 2, 2007) ....................................................................7

*Russell v. Davies*,
   97 A.D.3d 649 (2d Dep't 2012) ...............................................................................5

*Silverman v. Daily News, L.P.*,
   129 A.D.3d 1054 (2d Dep't 2015*)* .........................................................................5

*Steinhilber v. Alphonse*,
   68 N.Y.2d 283 (1986) ...............................................................................................3

*Triano v. Gannett Satellite Info. Network, Inc.*,
   09-CV-2497, 2010 U.S. Dist. LEXIS 105175
   (S.D.N.Y. Sep. 29, 2010) .........................................................................................7

**Statutes and Rules**

N.Y. Civ. Rights Law § 51 .............................................................................................1, 7, 8

Local Civ. R. 6.3 ................................................................................................................2

Defendants Hechinger Institute on Education and the Media, an institute of Teachers College, Columbia University (the "Hechinger Institute"), and Dr. Andre Perry ("Dr. Perry," collectively, the "Hechinger Defendants"), submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint (Doc. No. 100, the "Am. Compl.") in its entirety (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff's thirty-nine-page opposition brief (Doc. No. 124) (the "Opposition" or "Opp.") fails to address the lone argument asserted by Hechinger Defendants in this Motion: Plaintiff has not added any facts to the Amended Complaint sufficient to revive her defamation claim. Instead, Plaintiff's Opposition improperly seeks to reargue the Court's Decision and Order dismissing the original Complaint (Doc. No. 94, the "Decision and Order"). The Court properly dismissed Plaintiff's claims on the basis that Dr. Perry's column is nonactionable opinion:

> When considered in their full context – an academic blog post offering personal observations on race, pedagogy, and education – and where the author has disclosed that his reference to Cummings is based on the allegations contained in the Daily News article hyperlinked and referred to explicitly in a piece reporting on a government investigation, these statements are nonactionable.

Decision and Order at p. 46. Because Plaintiff's Opposition does not cite a single new factual allegation sufficient to disturb the Court's holding, the Amended Complaint should be dismissed with prejudice.

In her Opposition, Plaintiff alleges that she has asserted new claims for "false light" and/or violation of N.Y. Civ. Rights Law § 51 (right of publicity). These arguments are without merit. There is no cause of action for "false light" under New York law. The Amended Complaint does not contain a right of publicity claim, and, in any event, the "newsworthiness" exception would bar any such claim.

## ARGUMENT

## I.

## PLAINTIFF'S REQUEST FOR RECONSIDERATION SHOULD BE DENIED

**A.  THE PLAINTIFF'S REQUEST FOR RECONSIDERATION IS PROCEDURALLY IMPROPER**

As discussed above, Plaintiff has made no attempt to add factual matter to the Amended Complaint to address the fatal flaws identified in the Court's Decision and Order.  Rather Plaintiff reargues the same facts and asks the Court to "reconsider[] its prior opinion in light of the need to correct clear error or prevent manifest injustice."  (Opp., p. 32)  As a threshold matter, Plaintiff's request is untimely, because "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."  Local Civ. R. 6.3.   Plaintiff never filed a motion for reconsideration and more than fourteen days have passed since the Court's Decision and Order.

Plaintiff argues that reconsideration is proper because "a court in this Circuit has found that the law of the case doctrine did not control where an amended complaint, contained 'more detailed claims' than the original complaint."  (Opp., p. 32 (citing *Bellezza v. Holland*, No. 09-CV-8434, 2011 U.S. Dist. LEXIS 76030, at *6 (S.D.N.Y. July 11, 2011))  Yet Plaintiff has not added more detailed claims (or any claims) to the Amended Complaint.  Accordingly, reconsideration of the Decision and Order is improper.[1]

---

[1]  Plaintiff devotes an entire section of the Opposition (pp. 34-38) to rearguing her emotional distress claims.  This argument is extraneous, because as Plaintiff readily admits: "Plaintiff did not re-plead those causes of action in its Amended Verified Complaint."  (Opp., p. 34)

**B.     THE COURT PROPERLY DISMISSED PLAINTIFF'S COMPLAINT ON THE BASIS THAT DR. PERRY'S STATEMENTS ARE NONACTIONABLE OPINION**

**O**nly factual statements are actionable as defamation because "New York law protects derogatory statements which may be categorized as 'opinion' as opposed to 'fact.'" *Chau v. Lewis*, 771 F.3d 118, 128 (2d Cir. 2014) (citing *Immuno AG. v. Moor–Jankowski*, 77 N.Y.2d 235, 252 (1991)); *Steinhilber v. Alphonse*, 68 N.Y.2d 283, 289 (1986)).  "Unlike the Federal Constitution, the New York Constitution provides for absolute protection of opinions."  *Celle v. Filipino Reporter Enterprises Inc*., 209 F.3d 163, 178 (2d Cir. 2000).  "A 'pure opinion' is a statement of opinion which is accompanied by a recitation of the facts upon which it is based." *Jewell v. NYP Holdings, Inc*., 23 F. Supp. 2d 348, 377 (S.D.N.Y. 1998) (quoting *Steinhilber v. Alphonse*, 68 N.Y.2d 283 (1986)).

The Decision and Order properly observes that to determine whether statements are nonactionable opinion, the Court must adopt a "holistic approach."  Decision and Order at p. 38 (citing *Davis v. Boheim*, 22 N.E.3d 999, 1005 (N.Y. 2014)).  "Rather than sifting through a communication for the purpose of isolating and identifying assertions of fact, the court should look to the over-all context in which the assertions were made and determine on that basis whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff."  *Id.* (citing *Brian v. Richardson*, 87 N.Y.2d 46, 50 (1995) (internal citations and quotation marks omitted)).

According to the Amended Complaint: "Since 2013, Dr. Perry's column on educational equity has appeared in the Hechinger Report, a nonprofit news organization focused on producing in-depth education journalism. Dr. Perry also contributes to TheRoot.com and the Washington Post. His views, opinions and educational leadership have been featured on CNN,

3

PBS, National Public Radio, The New Republic and NBC. Dr. Perry's academic writings have concentrated on race, structural inequality, and urban schools."  Am. Compl. ¶ 26.

It is against this backdrop that Dr. Perry authored his column in the Hechinger Report on February 6, 2018, titled "Teachers, how does it feel to be oppressors?"  Am. Compl. ¶ 117. Among other ruminations in the column, Dr. Perry expresses his view that black students are often subject to humiliation and are unfairly punished at disproportionate rates.  (Doc. No. 27-2) Dr. Perry suggests that teachers use narratives written by slaves in order to teach about slavery from the perspective of slaves and properly educate their students on the horrors of slavery.  Dr. Perry suggests that colleges of education should do more to address the psychological bases of racism in students.  Dr. Perry then shares his view that racism is borne out of a desire to control and that current trends in education continue to favor control over black students.  Finally, Dr. Perry shares his opinion that teachers can uproot racism in the classroom by "educating themselves about culturally responsive teaching; establishing deeper connections with their students; asking students and families what they want to learn; and not making white norms the standard."  *Id.*

In his column, Dr. Perry only used the Daily News story about Plaintiff as a jumping off point to provide those views on race in education more generally.  *Id.*  Thus, the handful of statements relating to Plaintiff are opinion in this context[2]: Dr. Perry calls the lesson "cruel," says that "[t]here are white teachers like Cummings who have not reckoned with what it means

---

[2]  Plaintiff purports to quote Dr. Perry's column as containing the statement that Plaintiff "singled out black students and made them act like slaves."  (Opp., pp. 30)  This statement never appears in Dr. Perry's column – and the Hechinger Defendants noted this blatant inaccuracy when Plaintiff included it in her opposition to the original motion to dismiss. (Doc. No. 77, p. 8 n.6)  Rather than address this error, Plaintiff has copied her original opposition papers in wholesale fashion, including numerous factual errors.

to oppress"; "The New York City education department should throw her out of the district"; "most teachers probably won't see themselves in either Black or Cummings." These statements are not provably true or false, but instead are Dr. Perry's views on education and race based on his expertise in the field directed to educational academia.

Given this factual and legal framework, the Court properly dismissed Plaintiff's claims on the basis that Dr. Perry's statements in his academic column on race and education are protected opinion:

> When considering the full context of the communication – an opinion column about race and academia – the thrust of the challenged statements are Perry's ruminations on education and race, rather than a factual statement about Cummings.
>
> \*        \*        \*
>
> Perry disclosed that the facts he relied on are the allegations – subject to a government investigation – contained in The Daily News article. Further, Perry uses the word "allegedly" in his description of the allegations contained in the article. . . . Perry's column does not purport to offer any facts outside of what was reported therein.

(Decision and Order at pp. 45-46).

As Plaintiff acknowledges: "Many Courts in other jurisdictions that have faced the issue of defamation claims based on accusations of bigotry or racism have held the statements to be nonactionable statements of opinion." (Opp., p. 30). This is consistent with the Decision and Order and decisions applying New York law, which have universally found that claims of racism are nonactionable opinion. *See, e.g., Decision and Order* at p. 37 ("Statements describing Plaintiff or Plaintiff's Lesson as 'racist' are dismissed because they are nonactionable statements of opinion."); *Ratajack v. Brester Fire Dep't, Inc.*, 178 F. Supp. 3d 118 (S.D.N.Y. 2016); *Silverman v. Daily News, L.P.*, 129 A.D.3d 1054, 1055 (2d Dep't 2015*); Russell v. Davies*, 97 A.D.3d 649, 651 (2d Dep't 2012).

**C.    PLAINTIFF'S CLAIMS MAY BE DISMISSED ON ADDITIONAL GROUNDS NOT CONSIDERED BY THE COURT**

While the Court did not reach this argument in its Decision and Order, the republisher's privilege also bars Plaintiff's claims, because the Hechinger Defendants were not grossly irresponsible in relying on the *New York Daily News* reporting.  *See Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 371 (S.D.N.Y. 1998) ("New York recognizes a general republication defense applicable to anyone who republishes material from any source, provided that there was no substantial reason to question the accuracy of the material or the reputation of the reporter.").

Under New York law, a republisher may rely "on the research of the original publisher so long as the defendant was not grossly irresponsible" in doing so.  *Duane Reade Inc. v. Local 338*, 6 Misc. 3d 790, 794 (Sup. Ct., N.Y. County 2004).  The Hechinger Defendants are entitled to rely on the statements in the *Daily News*, and Plaintiff has not alleged any facts to plausibly show that the Hechinger Defendants "had, or should have had, substantial reasons to question the accuracy of the articles or the bona fides of (the) reporter."  *See Lerman v. Chickleberry Publ'g Inc.*, 521 F. Supp. 228, 235 (S.D.N.Y. 1981) (citing *Karaduman*, 51 N.Y.2d at 550).

While Plaintiff alleges that defendants *Daily News* and Mr. Chapman's reporting was not accurate, and that the school's investigative process was flawed, she never identifies any facts known to the Hechinger Defendants prior to publication of Dr. Perry's column that would have provided substantial reason to question the accuracy of the *Daily News* articles.

Plaintiff's Opposition only points to one fact in support of its position that the Hechinger Defendants were grossly irresponsible in relying on the Daily News: "Defendants disingenuously argue that Plaintiff's complaint does not point to any fact known by Dr. Perry or Hechinger Report that would have caused them to doubt the accuracy of the story; however, they knew at the very least that some allegation remained under investigation with the New York City

Department of Education."  (Opp., p. 22)  This argument is illogical.  While the New York City

Department of Education may not have yet *proven* the allegations, the fact that they were

*investigating* does not demonstrate that the allegations were untrue.  Presumably the New York

City Department of Education would not have opened an investigation without some indicia of

support for the allegations.  Thus, if Hechinger Defendants knew that Plaintiff was under

investigation by the New York City Department of Education, this would only serve to

corroborate the Daily News' reporting rather than raise concerns as to the reporting's accuracy.

Finally, Courts have widely found that it is appropriate to rely on the reporting in a

respected newspaper, such as the Daily News.  *See, e.g*., *Duane Reade Inc. v. Local 338*, 6 Misc.

3d 790, 794 (Sup. Ct., N.Y. County 2004) ("relying on a long-running New York City daily

newspaper [New York Post] . . . is clearly not grossly irresponsible."); *see also Rivera v. NYP

Holdings, Inc*., 114858/2006, 2007 N.Y. Misc. LEXIS 5684 (Sup. Ct., N.Y. County Aug. 2,

2007) (dismissing defamation claim where the defendant merely republished statements that

were previously made in the New York Post); *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 281

(S.D.N.Y. 2013) (republisher may rely on statements that originally appeared in the *New Yorker*

magazine).

## II.

### PLAINTIFF HAS NOT PROPERLY STATED A CLAIM FOR
### "FALSE LIGHT" OR VIOLATION OF N.Y. CIV. RIGHTS LAW § 51

Plaintiff acknowledges that a claim for "false light" "is not cognizable in this State."

(Opp., pp. 32-33 ("New York does not have a common law tort protecting privacy against

publicity that unreasonably places a person in a 'false light.'")  In this instance, Plaintiff is

correct that there is no recognizable claim for "false light" under New York law.  *See Triano v.

Gannett Satellite Info. Network, Inc*., 09-CV-2497, 2010 U.S. Dist. LEXIS 105175, at *11-12

(S.D.N.Y. Sep. 29, 2010) ("To the extent that Plaintiffs allege a false light invasion of privacy claim, their claims are dismissed because no such action exists under New York law." (internal citations omitted)); *see also Matthews v. Malkus*, 377 F. Supp. 2d 350, 358 (S.D.N.Y. 2005) (same).

Plaintiff's Opposition also makes passing reference to N.Y. Civ. Rights Law § 51.  (Opp., p. 33)  There is no right of publicity claim alleged in the Amended Complaint.  Moreover, no right of publicity claims exists, because (i) the Hechinger Defendants did not use Plaintiff's name "for advertising or trade purposes" and (ii) N.Y. Civ. Rights Law § 51 does "not apply to reports of newsworthy events or matters of public interest."  *Hollander v. Pressreader, Inc*., 19-cv-2130, 2020 U.S. Dist. LEXIS 95591, at *12 (S.D.N.Y. May 30, 2020).  Accordingly, to the extent Plaintiff has pled a claim for "false light" or violation of N.Y. Civ. Rights Law § 51, those claim(s) should be dismiss

## CONCLUSION

Based on the foregoing and their initial Motion papers, Hechinger Defendants respectfully request that this Court grant their Motion to dismiss the Amended Complaint in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:   September 22, 2020
            New York, New York

HAYNES AND BOONE, LLP
*Attorneys for Hechinger Defendants*

By: s/Richard D. Rochford
      Richard D. Rochford
      Joseph Lawlor
      30 Rockefeller Plaza, 26th Floor
      New York, New York 10112
      Telephone: (212) 659-4984
      richard.rochford@haynesboone.com
      joseph.lawlor@haynesboone.com

8