USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/28/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PATRICIA CUMMINGS,

                        Plaintiff,

    -against-                                          No. 19-cv-7723 (CM)(OTW)

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; GIULIA COX; COURTNEY WARE; BEN CHAPMAN; NEW YORK DAILY NEWS; DR. ANDRE PERRY; THE HECHINGER REPORT a/k/a HECHINGER INSTITUTE ON EDUCATION AND THE MEDIA; LENARD LARRY McKELVEY a/k/a CHARLAMAGNE THA GOD; WWPR-FM (105.1 MHZ); iHEARTMEDIA; CLEAR CHANNEL COMMUNICATIONS, INC.; NEW YORK STATE SENATOR KEVIN S. PARKER; COALITION OF EDUCATIONAL JUSTICE; ANGEL MARTINEZ; NATASHA CAPERS; PHILIP SCOTT; ADVISE MEDIA NETWORK n/k/a AFRICAN DIASPORA NEWS CHANNEL; and "JOHN DOE AND JANE DOE #1-100" said names being fictitious, it being the intent of Plaintiff to designate any and all individuals, officers, members, agents, servants, and/or employees of the aforementioned agencies owing a duty of care to Plaintiff, individually and jointly and severally,

                        Defendants.

------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER DISMISSING AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

McMahon, U.S.D.J.:

On March 26, 2021, I dismissed Plaintiff's Amended Complaint as against all defendants who had appeared in this action. (Dkt. 137.) I gave Plaintiff notice that I was considering dismissing the claims against the nonmoving and non-appearing defendants – Angel Martinez, Natasha Capers, Coalition of Educational Justice ("CEJ"), Philip Scott, and Advise Media Network ("Advise") (together, "Nonmoving Defendants") – and gave Plaintiff five business days

1

to submit a brief addressing whether any of her claims is viable as against the Nonmoving Defendants. Plaintiff has now done so. Given that all federal claims have been dismissed, the Court now declines to exercise supplemental jurisdiction over the state law defamation claims against the Nonmoving Defendants, the only claims remaining in this action. The state law claims against the Nonmoving Defendants are therefore dismissed.

Plaintiff has also filed a motion to reconsider my March 26 decision, pursuant to Fed. R. Civ. P. 59(e). (Dkt. 139.) That motion is denied.

## DISCUSSION

### I. The Claims Against the Non-Moving Defendants Are Dismissed

Briefly, the facts of this case and the allegations against the Nonmoving Defendants are as follows:

In the Amended Complaint (Dkt. 95, "AC"), Plaintiff alleges that the Nonmoving Defendants made defamatory statements about her and the controversial lesson on slavery and the Middle Passage that she taught to her seventh-grade class at Bronx Middle School 118 ("X118").[1] In January 2018, students reported that Plaintiff, who is white, directed several black students to sit or lay on the classroom floor and pushed them closer together to demonstrate the cramped conditions on a slave ship. (AC ¶ 55.) The school referred her conduct to the DOE's Office of Special Investigations ("OSI"), which found that Plaintiff had not engaged in corporal punishment, but nonetheless concluded that Plaintiff's lesson exhibited poor judgment. (AC ¶ 92.) The allegations quickly became a matter of public controversy, and several media outlets and

---

[1] The Amended Complaint also contained a claim for portraying Plaintiff in a "false light," which the Court already dismissed as against all defendants because it is not recognized under New York law. (Dkt. 137 at 24-25.)

2

individuals, including the Nonmoving Defendants, reported and commented on the story. The DOE eventually terminated Plaintiff's probationary employment. (AC ¶ 93.)

The Amended Complaint included causes of action for violations of the Fourteenth Amendment to the Constitution, 42 U.S.C. §§ 1981, 1983, and 1985, and Title VII of the Civil Rights Act against New York City, the NYC DOE, Giulia Cox, and Courtney Ware. The Amended Complaint also included causes of action for defamation and portraying Plaintiff in a "false light" against the Daily News L.P., Ben Chapman, Senator Kevin S. Parker, Dr. Andre Perry, the Hechinger Institute on Education and the Media, Lenard Larry McKelvey a/k/a Charlamagne tha God ("Charlamagne"), Scott, Advise, Capers, Martinez, and CEJ. All but Scott, Advise, Capers, Martinez, and CEJ moved to dismiss the Amended Complaint. On March 26, 2021 I granted the motions and dismissed all of Plaintiff's claims as against the moving defendants, including all claims arising under federal law pursuant to 28 U.S.C. § 1331. All that remain are the defamation claims against the Nonmoving Defendants. Accordingly, I must now examine whether the Court can exercise diversity jurisdiction over those claims.

Section 1332(a) provides that, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction is available only when all adverse parties to the litigation are completely diverse in their citizenships. *Herrick Co., Inc. v. SCS Comm's, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001).

This case lacks complete diversity. Plaintiff is domiciled in Suffolk County, New York. (AC ¶ 13.) At least two of the remaining defendants are also domiciled in New York: Martinez lives in upper Manhattan, and Capers lives in Brooklyn. (AC ¶¶ 37, 38.) Accordingly, the Court cannot exercise diversity jurisdiction over the remaining claims.

Because all federal claims have been dismissed and there lacks complete diversity of citizenship among the parties, the Court no longer has subject matter jurisdiction over the remaining state law claims. It could, however, elect to exercise supplemental jurisdiction over the defamation claims against the Nonmoving Defendants.

When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III. *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); *see United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966). Claims are considered part of the same case or controversy if they derive from a common nucleus of operative fact, and claims derive from the same nucleus of operative fact when the facts underlying the claims "substantially overlap." *Shahriar v. Smith & Wollensky Rest. Grp. Inc.*, 659 F.3d 234, 245 (2d Cir. 2011); *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)).

At the time of the filing of the Amended Complaint, this Court unquestionably had original jurisdiction, since the complaint included claims asserted under the Fourteenth Amendment to the U.S. Constitution, 28 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, The remaining state law claims form part of the same case or controversy as the federal claims that have been dismissed by the Court.

However, even when claims satisfy the "same case or controversy test," Section1367(c) permits a court to decline to exercise supplemental jurisdiction if, among other things, "the district court has dismissed all claims over which it has original jurisdiction." 18 U.S.C. § 1367(c)(3). Once a district court's discretion is triggered by Section 13367(c), it may decline to exercise

4

supplemental jurisdiction when doing so would fail promote the four values that the Supreme Court articulated in *Gibbs*, 383 U.S. at 726: economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004). In weighing those factors, district courts are aided by the Supreme Court's additional guidance that "in the usual case in which all federal-law claims are eliminate before trial, the balance of factors . . . will point toward declining jurisdiction over the remaining state-law claims." *In re Merrill Lunch Ltd. Partnerships Litig.*, 154 F.3d 56, 61 (2d Cir. 1988) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The Second Circuit takes a particularly strong view that district courts should decline to exercise supplemental jurisdiction in the absence of a "clearly articulated federal interest." *See Kolari v. N. Y. Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J., concurring).

This is the usual case. The parties are still in the early stages of this litigation. Aside from deciding the motions to dismiss the original Complaint and the Amended Complaint, the Court has done nothing with respect to this matter. The five Nonmoving Defendants, the claims against whom are currently at issue, have not appeared in this action; up until now, the Court has done no work with respect to the claims against them. The Court is no more familiar with the facts and legal issues of this case than any court would be at the pleading stage. *See Davila v. Gutierrez*, 330 F. Supp. 3d 925, 944 (S.D.N.Y. 2018). As a result, this Court lacks any interest in continuing to preside of the resolution of these state law claims, and resolution of the state law claims in state court will avoid "needless decisions of state law" by a federal court. *See Gibbs*, 383 U.S. at 726. I also note that Plaintiff originally filed this action in the Supreme Court of the State of New York, County of Suffolk. (Dkt. 1 ¶ 1), and can only assume that it would not be inconvenient for Plaintiff to litigate these claims there.

Having considered the factors set forth in *Gibbs*, the Court declines to exercise supplemental jurisdiction over the claims against Scott, Advise, Martinez, Capers, and CEJ, and dismisses them without prejudice to the claims being refiled in a court of competent jurisdiction.

## II. Plaintiff's Motion for Reconsideration is Denied

On April 9, 2021, Plaintiff filed a motion seeking reconsideration of this Court's March 26, 2021 decision and order dismissing the Amended Complaint as against all defendants who had filed motions to dismiss. Plaintiff's motion is denied.

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

Accordingly, the standard for granting a motion for reconsideration is "strict," and reconsideration will usually be denied. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). To merit reconsideration, a party must pinpoint "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff's brief indicates that she seeks reconsideration based on the second and third rationales. With regards to the second (newly discovered evidence), Plaintiff has submitted several documents that she obtained after filing a FOIL request for the DOE's records concerning the OSI investigation into Plaintiff's conduct at X118 and her subsequent termination. Those documents

6

include the OSI Report (Dkt. 143 Ex. F), which the Court already reviewed in connection with the motions to dismiss, and several emails among Plaintiff, Cox, and DOE personnel. Plaintiff asserts that these documents provide additional facts that "resuscitate" each of her claims.

For evidence to be properly considered on a motion for reconsideration, it must be "evidence that was truly newly discovered or could not have been found by due diligence." *United States v. Potemkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983). Crucially, "newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration." *Pettiford v. City of Yonkers*, 14 Civ. 6271 (JCM), 2020 WL 1989419, at *2 (S.D.N.Y. Apr. 27, 2020) (citing *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 578 (S.D.N.Y. 2015).

Plaintiff's proffered evidence is not "newly discovered." Plaintiff received the documents at issue from the DOE on February 26, 2021, while the motions to dismiss were *sub judice*. (Dkt. 144 at 5.) If the evidence were relevant, it should have been called to the Court's attention before the motions were decided. However, Plaintiff waited until April 9, 2021 – after I entered the March 26, 2021 order dismissing Plaintiff's Amended Complaint – to mention the existence of this "new" evidence. Therefore, that evidence is not properly before the Court on Plaintiff's motion for reconsideration.

Even if I were to consider this new evidence, the newly-offered documents do not contain any facts that would cure the legal deficiencies in Plaintiff's claims. The evidence falls into three categories, none of which gives the Court reason to reconsider its prior rulings.

*First*, Plaintiff argues that the OSI Report, an OSI Intake Form submitted by Giulia Cox on January 18, 2018,[2] and several emails among DOE personnel resuscitate her due process claims

---

[2] The Court has been unable to locate the OSI Intake Form among Plaintiff's exhibits.

because they demonstrate (a) that Cox, the DOE, and OSI failed to follow proper procedures when investigating the complaints against Plaintiff and when reassigning her, and (b) that OSI acted beyond its scope when it found that Plaintiff had exercised "poor judgment" during her lesson. (Dkt. 143 Ex. F, G.) None of these exhibits contains any facts that bear on the grounds on which I dismissed the procedural due process claim – that Plaintiff failed to plead any facts showing that she possessed a protectable property interest in continued employment, or in having the allegations against her investigated using any specific procedures. (Dkt. 94 at 19; Dkt. 137 at 14.) Plaintiff is simply trying to relitigate issues that were already decided against her – issues that would not come out differently, regardless of any "new evidence" she might provide.

*Second*, in support of her fraud claim against Cox and the DOE, Plaintiff submitted a series of emails (a) between Cox and Plaintiff, and (b) among Cox and DOE personnel, including the Director of Employee Relations, the District Superintendent, and the Senior Field Counsel in the Bronx. (Dkt. 143 Ex. G.) The second group of emails is heavily redacted. Plaintiff argues that these emails prove that Cox and the DOE acted fraudulently because they were already planning to terminate Plaintiff when they invited her back to X118 in the fall of 2018 and gave her an allegedly "fake schedule."

However, I held that Plaintiff failed to state a claim for fraud because she did not allege any facts showing that she had relied on the alleged misrepresentations. (Dkt. 137 at 22-24.) Because Plaintiff still has not pleaded any facts that satisfy the reliance element, additional evidence of Cox and the DOE's intentions to mislead Plaintiff into thinking she had a job at X118 is insufficient to revive the claim.

*Third*, Plaintiff submitted several emails from February 1 and 2, 2018, which she argues show that no official OSI investigation had commenced by 9 P.M. on February 1, 2018, when the

8

first *Daily News* article was published online. She argues that the article is therefore not protected under Section 74 of the New York Civil Rights Law.

Plaintiff is incorrect. As I explained in the two prior decisions, New York courts have held that an announcement of an investigation by a public agency, made before the formal investigation has begun, reports of an ongoing investigation, and reports on allegations that lead to a government investigation are all protected under Section 74. *See Freeze Right Refrigeration & Air Conditioning Servs., Inc. v. City of N.Y.*, 475 N.Y.S.2d 383, 388 (1st Dep't 1984) (internal citations omitted); *SentosaCare LLC v. Lehman*, No. 2016-504407, 2018 WL 692568, at *7 (Sup. Ct. Kings Cty. Jan 25, 2018), *appeal docketed*, No. 2018-03473 (N.Y. App. Div. 2d Dep't Nov. 20, 2018); *cf. El Greco Leather Prods. Co. v. Shoe World, Inc.*, 623 F. Supp. 1038, 1043 (E.D.N.Y. 1985), *aff'd*, 806 F.2d 392 (2d Cir. 1986). The OSI Report indicates that OSI received a complaint concerning Plaintiff's conduct on January 18, 2018. (Dkt. 143 Ex. F at 1.) Even if OSI had not formally initiated the investigation into Plaintiff's conduct by the time the article was published, the *Daily News*'s description of the allegations made against Plaintiff are nonetheless protected under Section 74 as fair and true reports of the allegations that unquestionably led to the OSI investigation.

Nor has Plaintiff pointed to any controlling decisions or facts that the Court overlooked, so as to establish "clear error" or "manifest injustice." Plaintiff instead reasserts her arguments in support of her claims for violations of her due process and equal protection rights, negligent and intentional infliction of emotional distress, fraud, and defamation – arguments that I already rejected in either or both of my opinions and orders dismissing Plaintiff's complaints. I will briefly address why two new arguments that Plaintiff makes in service of her due process claim are futile.

*First*, Plaintiff now insists that "Defendants' statements that [Plaintiff] '*singled out black students and made them act like slaves*;' [and] told them to '*lie on the floor for a lesson on slavery and then stepped on their backs*'" are false and stigmatizing, and are therefore sufficient to sustain her stigma-plus claim. (Dkt. 144 at 15 (emphasis in original).) However, none of these statements was made by a state actor; they were made by the various news and media defendants, including the *Daily News*, Chapman, Charlamagne, Dr. Perry, Capers, and Scott. Plaintiff still has not identified any false and stigmatizing statements made by Cox, Ware, or representatives of the City and the DOE – the only state defendants and the only defendants against whom Plaintiff brought a claim for a due process violation.

*Second*, Plaintiff argues that she could not have instituted an Article 78 proceeding to challenge OSI's findings (which I held was an adequate state remedy that Plaintiff chose not to pursue) because "none of the information required to proceed in that fashion was discovered or provided" within the four-month limitation period. The Court disagrees. Plaintiff alleges that she first obtained a copy of the OSI Report, which is dated July 24, 2018, six weeks later on September 6, 2018. (AC ¶ 215.) The statute of limitations on an Article 78 proceeding begins when "the determination to be reviewed becomes final and binding upon the petitioner." N.Y. CPLR 217[1]. The period of limitations thus expired at the earliest on November 24, 2018. Even if Plaintiff first learned of OSI's findings on September 6, 2018, when she received a copy of the report, she still had ample time and all the information required to initiate an Article 78 proceeding. She nonetheless elected not to pursue that remedy; she did not need additional documents to know that she had the right to commence an Article 78 proceeding. Moreover, even if Plaintiff's due process claim were properly before this Court, it would still be dismissed on grounds that the claim is legally insufficient, for the reasons set forth in the two opinions dismissing Plaintiff's complaints.

In short, Plaintiff's motion amounts to no more than ongoing disagreement with the Court about the sufficiency of Plaintiff's claims. That is not a proper motion for reconsideration. It is, therefore, denied.

## CONCLUSION

For the foregoing reasons, the claims against Scott, Advise, Martinez, Capers, and CEJ are dismissed without prejudice to the claims' being refiled in a court of competent jurisdiction. Plaintiff's motion for reconsideration is denied. The Clerk of Court is directed to remove Dkt. 139 from the Court's list of open motions and to close this case.

Dated: April 28, 2021

United States District Judge

BY ECF TO ALL COUNSEL